196 So.2d 724

**Robert M. TUCKER**

v.

**Mattie Jo TUCKER.**

**6 Div. 124.**

Supreme Court of Alabama.

March 16, 1967.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Barnett & Tingle, Birmingham, for appellee.

·LIVINGSTON, Chief Justice.

The appeal in this case is taken from a decree of the Circuit Court of Jefferson County, Alabama,.in Equity. The decree appealed from is one of modification rendered by the court on the 9th day of June, 1964, which decree materially modified an original final decree of divorce rendered on February 21, 1961, and modified January 17, 1964. The oral hearing which resulted in a decree which is the,subject of this appeal arose from the petition of respondent, father, for modification, seeking a reduction in the monthly payments for support and maintenance of the minor children of the parties, and the cross-petition of the complainant, mother, praying for an increase in the monthly support payments, also payment by the respondent of all current medical bills and a dental bill, and an order for the respondent to convey all his right, title and interest in real estate owned by the parties jointly, to the complainant, and for solicitor's fees.

The respondent demurred separately and severally to the aspects of the cross-petition seeking a conveyance of real estate and seeking an increase in the support payments and to the petition as a whole, on the ground that the averments were insufficient to give the court jurisdiction for relief prayed for, that no facts were averred which would give the complainant an equitable right to a conveyance of the respondent's interest in the real estate, and that no facts were averred giving the court jurisdiction to make or order conveyance of respondent's interest in the real estate.

Appellant contends that the decree of February 21, 1961 was a property settlement and that the court could not amend a property settlement as distinguished from an allowance for alimony payable in install-. ments for the support of the wife and chil-· dren. The decree of February 21, 1961 incorporated an agreement of the parties. The agreement provides, in substance, that:.

The parties shall continue to jointly own the home at 131 Parkway, in Trussville, Jefferson County, Alabama; the complainant and minor children, Donna Jean Tucker and Gary Milton Tucker, shall have the right to occupy said premises as their home until such time as said minor children shall become of age or both married, or until such time as complainant shall have remarried; in the event complainant should remarry, a reasonable consideration as· monthly rental shall be paid by the complainant and her then spouse for use and occupancy of said premises, said rent to be equally divided between the complainant and the respondent; any rent derived otherwise by the complainant would be equal-. ly divided between complainant and respondent; in the event the complainant should vacate the premises or remarry and she and her spouse should fail to pay a reasonable rental for use and occupancy of said premises, said premises shall immediately become subject to sale and division be-' tween complainant and respondent; the right of use of said premises is solely and exclusively for the benefit of the complainant and said minor children, and, any other party using or occupying said premises or any part thereof shall pay a reasonable rental therefor; however, complainant shall be entitled to keep one female schoolteacher, as a boarder, without accounting to respondent. The respondent shall pay the monthly note payments on the mortgage on said premises, the taxes, and insurance, and one-half of the costs of any major repairs; all the personal property of the parties shall be apportioned between them; the respondent shall convey all of his right, title and interest in the cemetery lots to the complainant, and the complainant shall convey to respondent all her right, title, and interest in and to the lot owned jointly by the

parties at Pinedale Shores. Further, the parties agreed to continue to hold and own jointly approximately twelve and one-half acres of land located about one-half mile Southeast of Trussville, with the understanding that the property is to be sold for a consideration representing a reasonable market value, and after payment of the balance on the existing mortgage to B. C. Roper, complainant's father, and the expenses of sale, the net proceeds of said sale shall be paid on the remaining balance on the home property at 131 Parkway. Respondent also agreed to keep in force and effect a minimum of $12,000 life insurance with the minor children of the parties named as beneficiaries, and also agreed to pay major medical expense and dental work for either of the minor children, provided respondent is consulted before undertaking any major dental work.

The appellant states in brief "the sole issue for a determination upon this appeal is the power or jurisdiction of the circuit court, in equity, to modify, on petition of one of the parties filed more than two years after the final decree of the divorce, the provisions of the final decree fixing the rights of the parties in real estate."

The decree appealed from, dated June 9, 1964, modifying a previous decree, provides as follows:

"1.   That the Respondent-father shall forthwith convey to the Complainant-mother *for the benefit of the two minor children* of the parties, all his right, title, interest or equity in and to the family home designated as 131 Parkway, Trussville, Jefferson County, Alabama.

"2.   *That thereupon* monthly support and maintenance payments by the father to the mother shall be reduced from One Hundred Twelve and 50/100 Dollars per month to Seventy Five Dollars ($75.00) per month.

"3.   That Respondent pay to Complainant for her solicitor, Hon. Robert Barnett, for professional services herein the sum of One Hundred Dollars ($100.-00).

"4.   Court Costs accrued herein are hereby taxed against the Respondent, for which let execution issue.   [Emphasis supplied.]

"DONE and ORDERED this the 9th day of June, 1964."

■   The nature and effect of an agreement between parents fixing the amount of the provision for the maintenance of the child has been discussed and largely settled in the case of Worthington v. Worthington, 218 Ala. 80, 117 So. 645. Such an agreement is not conclusive upon the court of chancery since it pertains to the welfare of infants, but it is subject to change or approval by that court as the circumstances may justify. Bridges v. Bridges, 227 Ala. 144, 148 So. 816.

■   It is well settled in this jurisdiction that when a divorce decree embraces the subject of infant's maintenance or custody, the chancery court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions. Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212.

■   It is equally well settled in this jurisdiction that in proceedings involving the custody and welfare of children, mere legal niceties are not favored in proceedings or pleadings, and the court is not bound by any strict rules of pleadings or procedure. Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Tillman v. Walters, 214 Ala. 71, 108 So. 62; Hardy v. Hardy, supra.

■   We are clear to the conclusion that the father's petition and the mother's cross-petition are sufficient to invoke equitable inquiry concerning the welfare of the minors.

The appellant-father insists that the court's decree of June 9, 1964 should be

affirmed insofar as his support payments are reduced from $112.50 per month to $75 per month. But we note that said reduction was conditioned upon the father's conveying to the mother for the benefit of the two minor children all his right, title, interest or equity in and to the family home, and a reversal of the decree would carry with it a reversal as to the reduction of his support payments.

The decree is due to be, and is, affirmed.

SIMPSON, MERRILL and HAR-WOOD, JJ., concur.