242 So.2d 392

**Marion B. AMASON, Jr.**

**v.**

**Margaret I. AMASON.**

**6 Div. 75.**

Court of Civil Appeals of Alabama.

Dec. 16, 1970.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellee.

BRADLEY, Judge.

The appeal to this court is from a decree of the Circuit Court of Jefferson County, in Equity, dated May 27, 1970, modifying a decree of divorce rendered in 1968 by the same court divorcing the parties to this proceeding from the bonds of matrimony.

The decree of divorce was granted in favor of the wife on the ground of cruelty.

There was incorporated in the decree of divorce, an agreement entered into by the parties to the divorce action.

The agreement provided that the wife was to have custody and control of the fourteen year old son, with right of reasonable visitation given to the husband. It also provided that the husband was to quit-claim title in a 1956 [sic 1965] automobile to the wife, with the further promise that the husband was to continue making the payments on said car until it was paid for.

There was no provision in the agreement or in the decree requiring the husband to make support and maintenance payments for the minor child.

The Petition to Modify the Divorce Decree filed by appellee here—complainant in the divorce proceeding—sought to modify the divorce decree on the ground that appellee and appellant owned certain real property jointly and with right of survivorship and sought an order from the trial court requiring a sale of said property with proceeds being divided equally between appellee and appellant.

Appellee, in an affidavit contained in the record, stated under oath that the property in question was the family homestead beginning in 1966 and continuing up to the

time she was assaulted by appellant. She states that she and her husband bought the land and paid for the construction of the house thereon. She further states that legal title was vested in Arley M. Sides and his wife, Edna M. Sides.

Appellee states that Arley M. Sides was a brother of her former husband, and that title was placed in said brother so that the property would not be available to creditors of her husband, who was in the trucking business at that time.

Legal title to the property in question was transferred to appellee and appellant by the Sides some eleven months after the decree of divorce. The appellee and appellant received ownership jointly with right of survivorship.

Back in 1968 in the bill of complaint and in her commission, appellee stated under oath that she and her husband did not own any property jointly.

On May 27, 1970 the trial court modified the decree of divorce rendered on March 6, 1968 by ordering the Register to sell the property jointly owned by the parties to the divorce decree, requiring the father to pay $100.00 per month for the support and maintenance of his minor son and to pay a reasonable attorney's fee to the attorney for petitioner-appellee.

In his Application for Rehearing, appellant objected mainly to that part of the modification decree requiring a sale of the real property.

Appellant appeals from the decree of May 27, 1970 modifying the decree of divorce, and assigns two grounds as error:

One. That the trial court erred in that part of the decree of May 27, 1970 that required the sale of the jointly owned real property; and

Two. That the trial court erred in rendering the decree of May 27, 1970.

Under assignment of error two appellant argues that the decree of May 27, 1970 was improperly rendered, because the matter was not at issue when the decree was entered by the trial court.

Appellant says that after the petition for modification was filed and he had notice thereof, he failed to file an answer or other responsive pleading, and the trial court did not enter a Decree Pro Confesso prior to a decision on the petition for modification.

From aught that appears from the record, the appellant did not object to the decree of the court entered in response to the petition for modification until the brief was filed with this court.

It might be said that appellant should have raised this issue prior to the filing of his brief in this court in order to be heard thereon; however, this aspect of the issue does not alter or affect our view that a petition to modify a decree of divorce is not in the nature of an original bill of complaint nor a cross-complaint. Hence, it is not necessary for a court to enter a decree pro confesso prior to deciding an issue raised by a petition to modify a divorce decree. Ex parte Lavender, 207 Ala. 666, 93 So. 661.

In Ex parte Lavender, supra, the trial court had before it a cross-petition filed by the wife in opposition to her husband's petition seeking a modification of a divorce decree as it related to an allowance to the wife of alimony.

The wife filed in the Supreme Court a petition for the Writ of Mandamus to be issued requiring the trial judge to enter a decree pro confesso as a result of the failure of her husband to answer her cross-petition.

The Supreme Court said in response to the request for mandamus:

"Mrs. Lavender's [wife] counter petition not being a bill or a cross-bill, the failure of Morgan [husband] to plead thereto, however prolonged, gave no right to decree pro confesso. It is upon bills,

original or cross, that such decrees may be granted. * * * Hence the court below correctly declined to enter decree pro confesso on Mrs. Lavender's counter petition."

We think the rule laid down in *Ex parte Lavender,* supra, applies with equal force to the point raised by assignment of error two, and conclude that assignment two is without merit.

In his assignment of error one appellant says the trial court erred in that part of its May 27, 1970 decree wherein it ordered the sale of jointly held real property, and the proceeds therefrom divided equally between the parties.

Appellant says, in support of assignment one that the real property in question would not properly be the subject of a petition to modify, because divorce decrees are subject to modification after thirty days from their rendition only with respect to periodic payments of alimony and child support.

The record reveals no provision for alimony or child support in the decree of divorce or in the agreement entered into by the parties to the divorce suit and made a part of the divorce decree.

The agreement which was made a part of the decree did require that appellant quit-claim his interest in a 1956 [sic 1965] Chevrolet to the appellee, and that appellant should make the installment payments thereon as they became due.

It also should be remembered that appellee in her original bill of complaint seeking a divorce, and in her sworn commission filed in support of the complaint, stated that the parties did not jointly own any real property.

The only reference to a "property settlement" in the agreement made a part of the decree, and the decree itself, was the requirement that appellant transfer his interest in the Chevrolet automobile to appellee and make the payments thereon as they became due.

Appellant cites us to the Alabama Supreme Court cases of DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778, and Epps v. Epps, 218 Ala. 667, 120 So. 150, for the proposition that a divorce decree can be modified after thirty days, only as it relates to periodic payments of alimony or child support; and that decrees providing for property settlements or alimony in gross cannot be modified after the expiration of thirty days.

The Supreme Court in DuBoise v. DuBoise, supra, said:

"We are not cited to any case which holds that a court can reserve power to amend a 'property settlement,' as distinguished from an allowance of alimony which is payable in installments for the support of the wife and children.

*   *   *   *   *   *

"As reasoned in Epps v. Epps, [218 Ala. 667, 120 So. 150], the power of the court to modify a provision for periodic support payments is derived from the continuous nature of such a provision. A property settlement is not continuous; it is a one time thing."

Appellee says that the trial court properly ordered the sale of the jointly held property, because the record shows that the real property in question, "was the home place of the parties well before the divorce decree and in fact appellant had agreed to allow appellee to reside in the house with the minor son of the parties before, during, and after the divorce." [Such an arrangement is not reflected in the decree of divorce, nor in the agreement of the parties made a part thereof.] Appellee further contends that the parties owned the equitable title to the property in question prior to, during, and after the divorce decree; yet she said in her bill of complaint and sworn commission filed in support thereof, that the parties did not jointly own any real property.

As was said by the Supreme Court in Owens v. Owens, 281 Ala. 239, 201 So.2d 396:

"One who comes into equity must do so with clean hands, and equity will not aid one in extracting himself or herself from hurtful consequences when his or her acts are reprehensible and directly connected with the subject matter of the litigation."

As pointed out above, in her bill of complaint and in the commission filed in support thereof, appellee stated that she and her husband owned no joint property. Yet in her petition for modification she says they bought the property where they lived, but put the title in her husband's brother so as to avoid her husband's creditors. To say the least, this "transaction was meretricious from its inception."

This would further confirm the conclusion that the "property settlement" had been made by the trial court in its original divorce decree and said decree would not be subject to further modification.

Appellee, in support of her theory that the trial court properly ordered the real property sold, cites us to the case of Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724.

In the *Tucker case,* supra, there was an agreement incorporated in the decree providing for the disposition of real and personal property. In the father's petition to modify there was a request to reduce support payments, and in the cross petition to modify, the mother asked for, among other things, an increase in child support payments and a sale of jointly held property.

The decree of the court on the petition of the father and the cross petition of the mother, ordered that the father convey to the mother "for the benefit of the two minor children of the parties," all of his right and title to the jointly owned real property, and further ordered a reduction in child support payments.

The Supreme Court said that the decree of the trial court ordered a reduction in child support payments subject to the transfer of the father's interest in jointly owned real property to the mother "for the benefit of the two minor children of the parties."

The Supreme Court said that the modification decree involved the maintenance and welfare of the parties' minor children and was well within its power and authority.

This conclusion on the part of the Supreme Court fully conforms to its conclusion in *DuBoise,* supra, that where support payments for minors are involved, the jurisdiction of the trial court is continuous.

A careful examination of the record before us in the instant case will reveal that the appellee asked for support payments of $100.00 per month for the minor son, and that the real property be sold and the proceeds therefrom divided between her and the father. No mention being made of an application of the proceeds therefrom to the support of the son, nor was the sale to be made for the minor's benefit. The decree of the trial court conformed to this request, with no mention of the sale being for the benefit of the minor.

To us, the petition for modification and the decree thereon, sought and gave directions for a sale that would benefit only the former husband and wife.

Under these circumstances we do not consider *Tucker,* supra, authority for the proposition submitted by appellee.

Appellee also says that the cases of Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; and Owens v. Owens, supra, support the trial court's decree requiring the sale of the jointly held real property.

Appellant disagrees and says that these two cases dealt with divorce proceedings where both parties were before the court,

**350**

and where the court was charged with the duty of disposing of the property held by each, and the court concluded that if necessary to a proper disposition of the divorce case, the consent of one of the parties could be supplied by the court so as to effectuate a sale.

Appellant further contends that we do not have such a situation here. The parties here had been divorced for approximately two years, and the proceeding before the court was one to modify the divorce decree—not to divorce the parties and settle their estates.

We agree with appellant that the *Killingsworth* and *Owens cases,* supra, do not have any application to the case at bar.

In the case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, the Supreme Court of Alabama held that there can be no partition or sale for division of property owned by joint tenants with right of survivorship without the consent of the joint tenants.

Inasmuch as the appellant did not consent to a sale of the jointly owned property and the fact that such consent was not set out in the petition for modification, relief was granted where none was authorized by the petition.

Based on the decisions of the Supreme Court of Alabama in the cases of *DuBoise* and *Bernhard,* supra, and Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356, we conclude that the trial court exceeded its authority in decreeing, in response to a petition for modification of divorce decree, that the jointly owned real property of the parties be sold and the proceeds divided equally between them. This part of the decree of the trial court is reversed and rendered, and the remainder of the decree appealed from is affirmed.

Affirmed in part; reversed and rendered in part.