249 So.2d 861

**Betty Pate HOLSOMBECK**

v.

**Casey PATE.**

**6 Div. 88.**

Court of Civil Appeals of Alabama.

June 23, 1971.

Robert T. Wilson, Jasper, for appellant.

T. K. Selman and Hugh Beaird, Jasper, for appellee.

WRIGHT, Judge.

A decree of divorce between the parties hereto was entered by the Circuit Court of Walker County on August 24, 1967. By the decree appellant was granted a divorce from appellee on the ground of cruelty. The custody of the three children resulting from the marriage was divided between the parents. Appellant was granted custody of the youngest boy and appellee was granted custody of the two older boys. Reasonable visitation rights were granted to each parent.

Appellant married James Holsombeck on the sixty-first day after the divorce decree. Subsequent to the remarriage of appellant, there was apparent recurring difficulty between the parties in the exercise of the visitation rights with the children.

Almost two years after the divorce decree, appellee filed a petition to modify the decree as to the custody of the child granted by the decree to appellee. By subsequent amendment to his petition appellee made known to the court that he and appellant held title to certain real estate by deed jointly, with right of survivorship. Such property included the home of the parties prior to their divorce and the place where appellee operated a restaurant business. The court was further informed there had been improvements made to the property by appellee since the divorce and that there were certain mortgage indebtednesses against the property.

Appellee requested the court to determine the equities in the property between the parties, and upon payment to appellant of the value of her equity therein by appellee, that she be divested of her interest in and title to the property, and the same be vested by the court in appellee.

Appellant filed a cross-petition asking custody of the two children previously granted to appellee, or that the status quo as set by the original decree be maintained.

Upon taking extensive testimony ore tenus on the request and cross-request for modification of the original order of custody and support of the children, and on the matter of determining the disposition of the real estate, the court entered its decree. The decree modified the original by removing custody of the youngest child from appellant and granting same to appellee. The support order for that child was dissolved and set aside. The court further found that appellant had an equitable interest in the real estate and the fair and reasonable value thereof was $909.10. Upon payment of this sum by appellee, title of appellant in the property was divested from her and invested in appellee. The cross-petition of appellant was dismissed out of court. The child, Mark Pate, was delivered by the sheriff into the custody of appellee. The date of this decree was August 20, 1970.

From this decree appellant appealed. The matter was orally argued and submitted to this Court on April 21, 1971.

Though there were numerous assignments of error by appellant, they were argued jointly in support of three basic propositions of law. We will direct our opinion to these basic propositions. They are as follows:

(1) There was insufficient evidence to support the decree of modification. (2) The court incorrectly applied the law to the evidence and (3) The court was without authority to entertain the petition for disposing of the jointly owned real estate and erred in its decree disposing of appellant's interest therein.

We must approach consideration of every decree of modification of a prior or original decree as to custody and support of minor children with the proposition that one seeking modification has the burden of showing there have been material changes in the conditions and circumstances of the parties since the prior decree. It is further the burden of petitioner to show that such changes affect the best interest and welfare of the child or children involved. Parker v. Parker, 269 Ala. 299, 112 So.2d 467; Statham v. Statham, 282 Ala. 322, 211 So.2d 456.

The burden of proof for modification is placed upon petitioner for the reason that such a petition is in truth a new matter as though the cause had not been previously decided. Though a court of equity retains jurisdiction over all matters involving custody and support of minor children, once it has lawfully obtained such jurisdiction, it must be presumed as a matter of law and fact that any previous final decree relating to such matter was conclusive, so long as the status of the parties at the time does not materially change. Messick v. Messick, 261 Ala. 142, 73 So.2d 547; Anonymous v. Anonymous, 277 Ala. 634, 173 So. 2d 797.

Our review on appeal of a decree of modification rendered after hearing ore tenus below, must be accompanied by at least two principles of law. First, that the trial judge sits as a jury with the clear and primary duty to consider the evidence in the light of the best interest and welfare of the child involved. If there is any substantial evidence to support the decree it may not be disturbed, even though we might not have reached the same decision had we been the trier of fact. Atkinson v. Atkinson, 45 Ala.App. 428, 231 So.2d 753; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797. Second, the decree is accompanied on review by a presumption of correctness unless it appears from the evidence to be clearly wrong. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308.

We have carefully read and considered the testimony in this case, as we do in all cases, and we cannot hold that the decree of the trial judge was clearly and palpably wrong. Perhaps the evidence as to

one change of circumstances could not be considered to materially affect the welfare and best interest of Mark Pate, but we think there was evidence and reasonable inferences to be drawn therefrom of more than one change of circumstance and conditions materially affecting the best interest and well-being of Mark.

We deem it unnecessary to dwell in detail on the testimony, but list some of the changes which could, in the mind of the court, be considered material. Appellant had remarried as soon after the divorce as legally permissible. Her new husband and the stepfather of Mark does not enjoy a good reputation for peace and quietude. Appellant and her new husband had moved at least four times since their marriage. They now have a child of their own. There had been marked conflict between Holsombeck and appellee relative to visitation rights of the parents. Two instances, in the presence of Mark, had involved firing of guns and threats of violence. The identity of the aggressor in these instances is not necessarily material. Mark is older since the original decree and there was undisputed testimony that he apparently wished to live with his brothers. Appellant had not given him an opportunity for religious indoctrination by taking him to church. We do not hold such failure to be clearly contrary to the child's welfare, but in view of contemporary community and family mores it may tend to indicate an improper consideration of moral values.

Appellant is correct in her argument that none of the matters set out above were directly shown to have materially affected adversely the welfare of her child. However, the trial judge with the witnesses before him and the responsibility of the relationship of parens patriae to Mark weighing upon him, found such fact from the evidence. We will not hold to the contrary. Neither can we hold that the learned judge misapplied the law to such facts. The polestar of the law in such cases is the best interest and welfare of the child. We do not consider the court to

have clearly strayed therefrom insofar as the modification of custody is concerned. This appears to be another of those not unusual cases where divorced parents are so imbued with their personal feelings against one another, and their efforts to exercise them, they forget the effect their actions and emotions have upon the children involved. Custodial and visitation privileges with the children are abused as a club to punish one another. The primary consequence of such acts is permanent harm to the children. Conflict between parents is more damaging to the children after divorce than during cohabitation.

The third matter assigned as error in the trial below, that of entertaining and exercising jurisdiction over the real property owned jointly with right of survivorship by the parties hereto, must now be considered.

In beginning our discussion of this assigned error we observe that the real property of the parties was not involved in the divorce proceeding. The court was not presented with any information about or request for consideration or disposition of such property. It was not involved in any property settlement or support order. It first appeared in the petition for modification of the original decree as to custody of Mark Pate filed by appellee.

A decree of divorce is a final decree insofar as it affects the marital status and property rights growing out of the marital relationship. It is as final in those areas as any other final decree in equity after the expiration of thirty days from its rendition. DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778; Epps v. Epps, 218 Ala. 667, 120 So. 150.

The only element of a divorce decree of a continuous nature and subject to modification after thirty days is that involving custody and support of minor children and periodic payments of alimony. Property settlements between the parties or alimony in gross ordered in a final divorce decree

are one time things and are not subject to modification after the expiration of thirty days. Amason v. Amason, 46 Ala.App. 345, 242 So.2d 392. It follows that such matters not brought to the court's attention and its jurisdiction invoked thereon during divorce proceedings, may not be a basis for a petition to modify after the loss of juris- diction of the court over the marital res. Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356.

Since the jurisdiction of the equity court was not invoked in this case during the di- vorce proceeding for the purpose of divid- ing the joint tenancy with survivorship in the real property, nor is it now invoked as a source of support and maintenance for minor children, there is no authority in the equity court in this proceeding to supply the consent of appellant to such division. The rule of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 applies. The rule of Owens v. Owens, 281 Ala. 239, 201 So. 2d 396, and Killingsworth v. Killingsworth, supra, is not applicable to the facts herein. Amason v. Amason, supra, is controlling. We have recently decided the same point in the case of Prosch v. Prosch, 8 Div. 36, 46 Ala.App. 33, 249 So.2d 855. Certiorari has been denied by the Alabama Supreme Court.

We therefore hold that the trial court erred in its decree in determining the equi- ty of appellant in real property jointly owned with right of survivorship with ap- pellee. It further erred in directing the di- vesting of title from appellant into appellee upon payment into court of the sum of $908.10. Since such portion of the decree was without authority, the same is directed to be set aside, and such decree as the court should have rendered thereon is hereby rendered by this Court.

The decree of the court, as to the custo- dy of Mark Pate being without error and severable, the same is affirmed.

Affirmed in part, reversed and rendered in part.