256 So.2d 182

**Margaret I. AMASON**

v.

**Marion B. AMASON, Jr.**

**6 Div. 114.**

Court of Civil Appeals of Alabama.

Dec. 15, 1971.

**442**

Corretti, Newsom, Rogers & May, Birmingham, for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

WRIGHT, Judge.

The parties herein were divorced by decree of the Jefferson County Circuit Court on March 5, 1968. There was modification by decree dated May 27, 1970. By the decree of modification it was directed that the home of the parties, owned by them jointly with right of survivorship, be sold by the register and the proceeds be divided equally between them. It further required appellant to pay support for a minor in the sum of $100 per month.

Upon appeal to this Court, the decree of May 27, 1970 was reversed insofar as the provision of the sale of the real property for division. The remainder of the decree for support was not decreased. Amason v. Amason, 46 Ala.App. 345, 242 So.2d 392.

The decree from which this appeal comes arose from a petition for modification filed by appellant, Margaret I. Amason, on February 3, 1971. The petition as amended prayed that the real property owned by the parties jointly with right of survivorship, be ordered sold by the register and after deduction of the expenses of sale, the proceeds be paid to complainant for the exclusive use and benefit of the minor child of the parties.

The petition and answer were heard orally by the court. On the 8th day of June 1971, decree was entered denying the relief prayed for by the petitioner and the petition was dismissed. Petitioner appealed, assigning as error the entering of the decree denying modification.

Appellant contends that the failure of the court to order the sale of the real property jointly owned by the parties, with right of survivorship, presents the question of whether or not a court of equity has the power on a petition to modify an original decree, to determine rights of the parties in real property and direct the sale thereof, when such property is owned jointly with right of survivorship, and when there was no determination of such rights in the original decree.

We think the question as phrased above has already been answered by this Court in its decision in Amason v. Amason, supra, and was previously answered by the Supreme Court in the cases of Owens v. Owens, 281 Ala. 239, 201 So.2d 396; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308, and Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356. This Court also discussed this question in Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855, and in Holsombeck v. Pate, 47 Ala.App. 39, 249 So.2d 861.

■ We think the real question sought to be raised by appellant on this appeal is whether or not a court of equity has the power on a petition to modify a prior decree for the purpose of securing support and maintenance of a minor child, to order the sale of real property jointly owned by the parties with right of survivorship and apply the proceeds of such sale to the support and maintenance of such child.

In our opinion in Holsombeck v. Pate, supra, we indicated what our answer would be to such question and our statement there was founded, at least partially, upon the case of Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724. However, in the instant case, we do not think this question is properly presented for decision. It appears to us that the decree in this case, rendered after a hearing of evidence ore tenus, was rendered upon a finding of fact as to the need of modification for the purpose of support and maintenance of the minor child. There is no indication in said decree that the court rendered its decree denying the petition for modification because it determined it did not have the power to grant the prayer for the sale of the real property.

■ Every petition for the modification of a prior decree for support must be founded upon a material change of circumstances since the last decree. A prior decree relating to child support is conclusive so long as the status of the parties or the needs of the child do not materially change. Snead v. Snead, 279 Ala. 344, 185 So.2d 135. The issue presented by a petition for modification of a prior decree for support is one of fact as to whether there has been a material change of circumstances since the prior decree which, considering the needs and welfare of the child, requires a modification. Statham v. Statham, 282 Ala. 322, 211 So.2d 456.

The court in this case overruled demurrer of appellee to the petition and heard evidence orally upon the issue of fact. Its decree indicates only that it concluded the evidence did not indicate a need for change in the prior order for support. We have carefully examined the evidence and find therefrom that the decree is fairly supported and it is not clearly erroneous. Since we have so found, it is not within our province on appeal to do other than affirm the decree of the trial court. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Killingsworth v. Killingsworth, supra. We find no need to relate the evidence heard by the trial court. We affirm its decree.

Affirmed.