269 So.2d 897

Re Shirley H. COCHRAN, Jr.

v.

Alice Lee COCHRAN, now Alice Lee Jordan.

Ex parte Shirley H. Cochran, Jr.

1 Div. 624.

Supreme Court of Alabama.

Aug. 10, 1972.

Vickers, Riis, Murray & Curran, Mobile, for petitioner.

Hamilton, Butler, Riddick & Latour, Mobile, for respondent.

COLEMAN, Justice.

We granted certiorari to review a decision of the Court of Civil Appeals, 269 So.2d 884 on an appeal to that court from the decree of a trial court rendered in a suit between a former husband and wife.

The former husband is Shirley H. Cochran, Jr. The former wife is now Alice Lee Jordan. Two children were born of this marriage.

The parties were divorced by decree of June 21, 1963. A written agreement, signed by the parties, was filed in the cause and "ratified and affirmed" in the decree granting a divorce.

The court decreed further as follows:

1. The custody of the children is awarded to the mother subject to the right of the father to visit the children at all reasonable times.

2. The father shall pay to the mother $150.00 per month "as support and maintenance" for the children. Said amount is to be construed to be $75.00 per month per child and shall be payable $75.00 on the 5th day and $75.00 on the 20th day of each month through the office of the clerk of the trial court, ". . . . and shall continue in said amount as provided in Paragraph Six of the agreement hereinabove referred to."

3. The father shall pay the costs of the suit, ". . . . and in consideration of the said agreement," the mother waives her right to claim any alimony or support for herself.

All other portions of the agreement not specifically stated in the decree are incorporated in and made part of the decree.

Jurisdiction is retained ". . . . as to any further or future orders or decrees as to the care, custody and maintenance of said minor children as to the Court may seem proper and as changed conditions may require."

The material provisions of the above mentioned agreement are as follows:

The date of the agreement is March 30, 1963. In its premises, the agreement recites that the parties were married in 1956, lived together until September 23, 1961, and are now living separately and apart;

That the mother has filed ". . . . a bill for support and maintenance and intends to amend said bill asking for a divorce, custody of the children and a property settlement; . . . ."

That both parties desire ". . . . to finally and for all time settle and determine their property rights, child custody,

alimony, maintenance and support of the children, all dower and homestead rights, together with any and all other rights existing between the said parties growing out of the marriage relations that may have heretofore existed between them."

In consideration of their mutual desires, the parties ". . . . do bind and obligate themselves as follows : "

1. The mother is to have custody of the children, aged two and four years, and the father is to have visitation rights.

2. All furniture and related items of personal property located in the home of the parties are to be the property of the mother.

3. A 1959 Plymouth station wagon is to be the property of the mother. The father delivers a bill of sale to facilitate a change of the license registration and agrees to pay any unpaid balance of the purchase price of the station wagon.

4. The father agrees to pay to the mother ". . . . the sum of $150.00 per month for their said children, ($75.00 per child). The payment for support and maintenance of said children shall be payable as follows: On or before the 5th day of each month the husband is to pay to the wife the sum of $75.00. On or before the 20th day of each month the husband is to pay to the wife the sum of $75.00. The payments in this paragraph to continue until the wife is paid $50,000.00 as provided in Paragraph Six, and until the second mortgage, hereinafter referred to, shall have been paid by the husband, both as hereinafter provided."

5. The home is owned jointly by the parties with right of survivorship. It is subject to a first and also a second mortgage. The father agrees to convey said homeplace to the mother, and she agrees to assume and promises to pay the first mortgage as therein provided. The father agrees to pay, on or before August 5, 1965, the balance due on a note for $7,000.00,

dated January 4, 1962, and secured by the second mortgage on the homeplace.

"6. The husband does hereby agree to pay to the wife on or before December 5, 1965, the sum of Fifty Thousand and no/100 ($50,000.00) Dollars, for the use and benefit of the children."

7. The husband agrees to pay $1,000.00 to the wife's attorneys on or before December 5, 1965.

8. The father agrees to convey to the wife all of his rights and interests in and to a trust established by the will of Shirley H. Cochran, deceased, as provided by an instrument attached to and made a part of the agreement and designated Exhibit A. "The purpose of this instrument being to insure that Paragraphs Five, Six and Seven of this instrument are complied with."

9. The father and mother agree that the terms of the agreement shall be entered as a part of any divorce decree between them.

"10. The husband is to pay the costs of said divorce proceedings and the wife waives her right to claim any alimony or support for herself."

Exhibit A, which was made a part of the agreement as noted above, is in substance and effect a conditional conveyance of the interest owned by Shirley H. Cochran, Jr., in the trust created by the will of his father, Shirley H. Cochran. In the body of the instrument itself, Exhibit A is referred to as "this mortgage."

Exhibit A recites that in the divorce decree it was ordered by the court: (1) that "Shirley H. Cochran, Jr., pay to the said Alice Lee Cochran the sum of $50,000.00 on August 5, 1965"; (2) that Shirley H. .Cochran, Jr., pay to the said Alice Lee Cochran as fee for her attorneys $1,000.00 on December 5, 1965; and (3) that Shirley H. Cochran, Jr., convey to Alice Lee Cochran all his interest in the home, and that, on or before December 5, 1965, he pay the

balance due on the note for $7,000.00 secured by a second mortgage on the home; that, under the trust, it is provided that if Shirley H. Cochran, Jr., reaches the age of thirty years alive, the trust shall terminate and the trustee shall pay over to Shirley H. Cochran, Jr., all corpus and undistributed income free of the trust, but subject to a charge of $100.00 per month payable to a sister of testator as long as she lives.

Exhibit A further recites that Shirley H. Cochran, Jr., will reach the age of thirty years on August 5, 1965, and that in the divorce decree the court ordered that Shirley H. Cochran, Jr., secure the payment of the aforesaid sums by mortgage and assignment of all his interest in the trust.

Exhibit A further recites that Shirley H. Cochran, Jr., in consideration of the premises and in compliance with the decree, does transfer and convey to Alice Lee Cochran all his interest in the trust estate, to be held by her, ". . . . her heirs and assigns forever"; on condition, however, that if Shirley H. Cochran, Jr., shall (1) pay the $50,000.00 to Alice Lee Cochran on December 5, 1965, (2) pay the $1,000.00 to her as attorneys' fee on December 5, 1965, and (3) pay the balance due on said $7,000.00 note secured by second mortgage on or before December 5, 1963 (sic), then the instrument shall be void, otherwise remain in full force and effect.

Exhibit A further recites that upon default by Shirley H. Cochran, Jr., in payment of any one or more of the aforesaid sums when due, then the said Alice Lee Cochran "may foreclose this mortgage" and sell the property "mortgaged hereby" pursuant to Title 47, § 164, et seq., after notice and apply the proceeds of sale, first to payment of costs of sale, second to payment of the aforesaid sums, and third pay the balance to Shirley H. Cochran, Jr.; and that, at any sale under Exhibit A she may bid for and purchase any or all of said property as if she were a stranger thereto.

Exhibit A further recites that it is subordinate to a prior deed of trust executed by Shirley H. Cochran, Jr., and that he assumes and agrees to pay the $100.00 per month to testator's sister as long as she lives.

On December 3, 1965, the father, Shirley H. Cochran, Jr., filed petition to modify the divorce decree of June 21, 1963. Modification was sought on the ground that due to unforeseen circumstances set out in detail in the petition, the father is unable to pay the balance of the $50,000.00 payable December 5, 1965. The trial court, on December 3, 1965, decreed that the balance of the $50,000.00 shall not become due December 5, 1965, and retained jurisdiction for future orders.

On December 9, 1966, the father filed another petition to modify the divorce decree. The father alleges that on October 23, 1965, the mother married Charles Dixie Jordan, and that he adopted the two children as evidenced by decree of August 18, 1966. The natural father, Shirley H. Cochran, Jr., prays that the court decree that the payments of $150.00 per month for support and maintenance of the two children shall cease to become due from the natural father effective on the date of the adoption decree. The natural father prays also that the court order that the remainder of the award of $50,000.00 be annulled and declared to be of no further force and effect.

After filing other pleadings, the mother filed an answer and several pleas. As to the $50,000.00 award, the mother alleged in Pleas V and VI that the award is alimony in gross and not subject to modification by the court.

On November 21, 1968, the trial court rendered decree from which the father, Shirley H. Cochran, Jr., appealed to the Court of Civil Appeals. In the respects here pertinent, the court found that the $50,000.00 award was a property settlement and not subject to modification, citing Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911,

and DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778.

The court further found that the right to receive the $50,000.00 for the use and benefit of said minor children was a vested right, subject only to reduction as to the amount as herein provided. The $50,000.00 to be paid by the father is to be reduced by any payments made by the father under paragraph 2 of the divorce decree or the prior order of modification. On or prior to December 3, 1965, the father had paid $4,350.00 under said paragraph 2 so that unpaid balance on December 5, 1965, was $45,650.00. The unpaid balance after December 3, 1965, should bear interest from December 5, 1965.

The court decreed:

A. That, effective on the date of adoption of the children by Charles Dixie Jordan, all obligation of the father to make monthly support payments for the children ceased.

B. That under the order of December 3, 1965, there is due from the father thirteen payments of $75.00 each, amounting to $975.00, and he is ordered to pay for support of children prior to adoption.

C. Prayer to cancel and annul father's obligation to pay $50,000.00 as provided in Paragraph 6 of divorce decree is denied.

D. Father is allowed credit on the $50,000.00 payment for all payments heretofore or hereafter made by him under Paragraph 2 of divorce decree or the prior order modifying the decree.

E. After December 5, 1965, the father shall pay interest on the balance of said $50,000.00 award until full amount of $50,000.00 plus interest is paid in full. After allowing credit for payments prior to December 5, 1965, the unpaid balance as of December 6, 1965, is fixed as $45,650.00. Thereafter, in computing the balance, and interest thereon, the husband is to be allowed credit for payments made under the prior order modifying the divorce decree.

The court fixes such payments as being four in the amount of $75.00 each.

On appeal to the Court of Civil Appeals, the father assigned as error the ruling of the trial court holding that the agreement of the father to pay $50,000.00 was a property settlement and not modifiable. The Court of Civil Appeals held the assignment not well taken and affirmed the decree of the trial court in this respect. The father now contends that the Court of Civil Appeals erred in affirming the decree of the trial court in this respect.

■ The mother contends that the determination by the Court of Civil Appeals, that the $50,000.00 payment provision was a property settlement, is a finding of fact by that court and not subject to review by this court on certiorari; citing, among other cases, Ex parte Shoaf, 186 Ala. 394, 64 So. 615; Ex parte Barrett Bros. Shipping Co., 196 Ala. 655, 72 So. 259; Ex parte C. M. McMahen & Sons, 213 Ala. 642, 106 So. 57; Jones Valley Finance Co. v. Tennille, 270 Ala. 738, 115 So.2d 504; Ex parte Newbern, 286 Ala. 348, 239 So.2d 792.

The issue presented by the wife's contention has been decided adversely to her by this court. In LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867, the trial court declared that a provision in a divorce decree for monthly payments to be made by the husband to the wife constitutes alimony in gross. On appeal, this court reversed and rendered a decree to the contrary. In the respect here pertinent this court said:

"As stated, the trial court in the instant case ruled that the decree of divorce which he had rendered almost three years previously, in which there was the foregoing quoted provision, was in fact an award of alimony in gross and that, as such, the obligation of H. Powell Baker to pay to Emma Baker the amount as provided therein survived his death and became a charge against the estate. Although this conclusion was stated as a finding of fact, it is manifest

that it was in reality an exercise of judgment on a question of law and is therefore subject to review." (268 Ala. at 298, 105 So.2d at 869)

### 1.

Accordingly, we will review the determination of the Court of Civil Appeals holding that the $50,000.00 award is a property settlement and not modifiable.

■ The father argues in brief that the provision of the agreement here in question involves a payment to the wife "for the use and benefit of the children"; that by no stretch of the imagination could this be a division of property between husband and wife or alimony or support for the wife; that she expressly waived alimony in the agreement. The father contends that the decision of the Court of Civil Appeals is in direct conflict with the decision of this court in Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724, and notes that *Tucker* is not referred to in the opinion of the Court of Civil Appeals.

In *Tucker*, the father appealed from a decree modifying a divorce decree. In the divorce decree, pursuant to agreement of the parties, the wife was awarded possession of the house which the parties owned jointly and continued to own jointly after the divorce decree. The house was to be occupied by the mother and children. The father was to pay $112.50 per month for support of the children.

In *Tucker*, some time after the date of the divorce decree, the father filed petition seeking a reduction in the amount of the monthly payments. The trial court granted the prayer for such reduction and ordered the amount of the payments reduced to $75.00; but, the trial court also ordered the father to convey to the wife "for the benefit" of the children all the father's right, title, and interest in the home. The father appealed and complained that the order for conveyance of the home was er-

ror because the original divorce decree had fixed the right of the parties in the homeplace and was a property settlement not subject to modification. The father did not, however, complain of the reduction in the monthly payments. This court refused to reverse, noting that the reduction in the monthly payments was conditioned upon the father's conveyance of the homeplace to the mother for the benefit of the children. The result is a sort of "Mexican standoff." The father could not have the benefit of the reduction without the burden of losing his interest in the home. We will not undertake at this time to analyze or justify the action of the trial court in *Tucker* in changing the agreement fixing ownership of the home. As the modification decree came to this court, however, the father was seeking to have the benefit without the burden of the modification decree. If the modification had related only to the onwership of the home, a different case would have been presented here. In the instant case, determination whether the $50,000.00 award is a non-modifiable property settlement is not conditioned on any reduction or increase in the monthly payments or any other consideration. In that respect, *Tucker* differs from the case at bar.

The father argues that the $50,000.00 payment was clearly intended to be a payment for support of the children and, therefore, subject to modification under changed circumstances; that the payment is a support payment because it is for the use and benefit "of the minor children." The father points out that the statute, Title 34, § 91, provides that when a person is sentenced to hard labor for failure to support wife or child, payment out of the county general fund shall be made "for the use of defendant's wife or for the use of his child"; and that Title 34, § 98, also employs the term, "the use of defendant's wife," in referring to payments for support of the wife and child.

The parties are in agreement that the father's obligation to support the children

ceased upon their adoption by the wife's second husband.

Further discussion of the circumstances would serve little purpose. This court has said:

"From our authorities it appears that for an award in a divorce decree to qualify as alimony in gross it must meet and satisfy two requirements. First, both the amount and time of payment must be certain. Williams v. Williams, 261 Ala. 328, 74 So.2d 582; Epps v. Epps, 218 Ala. 667, 120 So. 150; 18A Words and Phrases, Gross Alimony, p. 477, and Pocket Part. Second, the right to it must be vested and not subject to modification. Williams v. Williams, supra; Epps v. Epps, supra; Smith v. Rogers [215 Ala. 581, 112 So. 190], supra; 18A Words and Phrases, Gross Alimony, p. 477, and Pocket Part." (268 Ala. at 298, 105 So.2d at 869)

If the $50,000.00 were payable to the wife, or to another for her use, it seems to us that the award would qualify as a property settlement because the amount and time of payment are certain. The question is does the award fail to qualify as a property settlement because it is for the use and benefit of the children.

The father and mother were sui juris. There is no contention that the agreement on the terms of the $50,000.00 award was in anywise the result of fraud or coercion on the part of either party. Among other things, the agreement recites that ". . . . it is the desire of both parties to finally and for all time settle and determine their property rights, child custody, alimony, maintenance and support of the children, all dower and homestead rights, together with any and all other rights existing between the said parties growing out of the marriage relations that may have heretofore existed between them . . . ." The agreement recites further that ". . . . for and in consideration of the mutual desires of the parties hereto, it is herein and hereby agreed by and be-

tween the parties hereto that they do bind and obligate themselves as follows: . . . ." The husband further agreed to execute the security agreement or mortgage referred to as Exhibit A to the agreement.

We do not hold that the parties have power by an agreement to relieve the father from his legal obligation to support his children as required by law. Hall v. Hall, 280 Ala. 275, 192 So.2d 727. Neither do we hold that the father can be required against his will to make a lump sum payment of $50,000.00 for the use and benefit of his children. Here, however, the father, voluntarily and for the consideration as expressed in the agreement, bound himself to pay the $50,000.00 award for the use and benefit of the children. We are of opinion that the trial court and the Court of Civil Appeals correctly held the $50,000.00 award to be a property settlement and not subject to modification because of changed circumstances.

2.

As has been already stated, the trial court decreed in Paragraph D of the decree appealed from, that the father is allowed credit on the $50,000.00 payment for all payments heretofore or hereafter made under the divorce decree or the prior order modifying the decree.

It appears that the Court of Civil Appeals ex mero motu considered the above stated ruling in Paragraph D allowing the father credit for the payments of $150.00 per month and decided that ". . . . there is no credit to be granted on the $50,000.00, because of monthly payments before or since December 5, 1965." The father assigns the last stated ruling of the Court of Civil Appeals as error.

Assignment of Error 2 recites:

"2. The Court committed prejudicial error in its final decree in paragraph twelve (12) thereof in finding in part as follows, 'further that the right to receive such sum for the use and benefit of said

minor children was a vested right under said decree, subject only to reduction as to the amount and as herein provided; . . .' (Tr. p. 80)"

The Court of Civil Appeals held that "This assignment of error specifically includes that portion of the lower court's decree ordering the deduction of the support payments. We consider that the error is sufficiently raised so that it should be considered. . . . ."

We disagree. The father is here complaining that the trial court erred in finding that the right to receive $50,000.00 was a vested right. If, however, the father had assigned as error the allowing of credits by the trial court, the question would not have been before the Court of Civil Appeals. The ruling allowing credit is favorable to the father who was the appellant. Allowing the credit is not prejudicial to appellant.

"Appellate courts review only questions reserved on the trial, and reverse the lower court only for errors of the court to the prejudice of appellant. . . ." Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 71, 151 So. 880.

". . . In order to invoke revision here of nisi prius action the record, of course, must reflect the error and that it resulted in substantial prejudice to the appellant. . . ." Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 402, 55 So. 2d 123, 125.

". . . Error to warrant reversal must be prejudicial. . . ." Schneider v. Mobile County, 284 Ala. 304, 307, 224 So.2d 657, 659.

A number of cases to the same effect are cited in Alabama Digest, Appeal & Error, ☞1026.

The ruling allowing credits is adverse to the mother, the appellee, but she did not cross-appeal or cross-assign error.

"This court will not consider a part of a decree adverse to appellee where there is no cross-appeal or cross-assignment of error by appellee. Colvin v. Payne, 218 Ala. 341, 118 So. 578; Webb v. Webb, 250 Ala. 194, 33 So.2d 909 [20]; Rea v. Rea, 253 Ala. 169, 43 So.2d 402." Walker v. Elrod, 284 Ala. 32, 36, 221 So.2d 391, 394.

Although the Court of Civil Appeals did not hold void the first modification decree, the mother argues in brief that the first modification decree is void, and that the Court of Civil Appeals was justified in disallowing credit to the father for payments he had made because the first modification decree was void. The mother relies in brief on Proposition of Law No. Fourteen, which recites:

"Inasmuch as lack of jurisdiction cannot be waived and jurisdiction cannot be supplied by consent, the Appellate Court has the duty ex mero motu to repudiate a decree rendered without jurisdiction."

The mother cites City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606, where this court said:

"We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal. (Citations Omitted)" (271 Ala. at 689, 127 So.2d at 608)

In the instant case, the appeal was not taken from the first modification decree. Even if that decree were void, which we do not decide, there was no occasion for the Court of Civil Appeals to take notice on its own motion as to the status of the first modification decree. The appeal was from the later decree of November 21, 1968. No one suggests that the later decree is void.

The Court of Civil Appeals erred in reversing the trial court's holding which allowed credits for payments made by the father and that holding is reversed. The

cause is remanded to the Court of Civil Appeals for entry of a judgment in accord with this opinion.

Reversed in part and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.