277 So.2d 356

**Julius Craig HANEY, Jr.**

v.

**Mary Kay HANEY.**

**Civ. 140.**

Court of Civil Appeals of Alabama.

May 2, 1973.

Wheeler & Christian, Birmingham, for appellant.

Cato & Hicks, Birmingham, for appellee.

WRIGHT, Presiding Judge.

Appellant complains of the granting of relief on a motion to modify an original divorce decree by which appellee was granted a divorce, custody and support of a child and other relief. The original decree was entered on January 30, 1971. In addition to support of $25.00 per week for the child, the original decree gave to appellee the possession of and right to live in the home owned jointly by the parties until such time as she remarried or moved. In such event, the house was to be sold and the proceeds divided equally between the parties.

On September 1, 1972, appellee filed a motion to modify the original decree. The modification was requested to be either the conveying of the full title to her, or a requirement that appellant pay the monthly mortgage payments in the amount of $89.-59. In the motion, appellee complained of having to pay the mortgage payments when she was not awarded alimony in the original decree. The motion was later amended after motion to strike and demurrer to include the following: "Complainant avers there has been a material change in circumstances since the final decree of divorce."

To the motion to modify, appellant filed a motion to strike on the grounds that the court was without jurisdiction to modify the decree as to the real estate owned jointly with right of survivorship after expiration of thirty days from the original decree.

Appellant subsequently filed an answer. Appellee amended the motion to modify on the date set for hearing on the merits. On the same day in open court appellant filed a demurrer to the amended motion to modify. Without ruling on the pleadings, the

court proceeded with the hearing of evidence on the merits. As a part of the decree after hearing, the motion to strike, and demurrer of appellant were overruled and a decree of modification entered. By the decree appellant was directed to pay to appellee the sum of $55.00 per month, which sum represented one-half of the monthly payment on the mortgage on the home owned by the parties, and resided in by appellee and the minor child. The remainder of the original decree to be in effect.

Appellant here presents three assignments of error. The first and second assignments charge error in overruling the motion to strike and the demurrer respectively. Without discussion of the propriety of the manner and form of these pleadings and the fact that there was no ruling on them by the court prior to the hearing of evidence on the merits of the motion to modify, we will consider the premise upon which they are stated to have been filed. Appellee has joined issue in brief and argument only upon such basis.

Appellant contends that his motion to strike should have been sustained because the court did not have jurisdiction or authority to modify the original decree insofar as rights and obligations of the parties in the real property were concerned. He submits that because no alimony was granted appellee and the matter of payment of the mortgage on the residence was not a part of the original decree, the court, after thirty days from the date of its decree, had no further authority over matters relative to the real estate. He bases his contention upon our decision in Holsombeck v. Pate, 47 Ala.App. 39, 249 So.2d 861 [1971]. However, he has misunderstood that decision. In reversing a part of the decree in that case which decree modified an original divorce decree, we discussed the finality of a decree which settled the property rights between the parties either by property settlement or by granting alimony in gross, or by both. We said such matters are one-time things and are not subject to modification after dissolution of the marital res and expiration of thirty days from the decree. We further said it therefore followed that if the matter of property rights of the parties was not brought to the court's attention during the proceedings of dissolution of the marital res and its jurisdiction thereby invoked, such matter could not subsequently be involved by a petition for modification. In *Holsombeck* it was pointed out that the property jointly owned by the parties had never been involved in the divorce proceedings and thus the court's jurisdiction was not invoked thereon. Such jurisdiction could not thereafter be invoked by petition to modify. Such is not the factual situation in this case.

■ By agreement of the parties filed in court and adopted in the divorce decree, the subject of the jointly owned real property was presented and its immediate disposal was directed. The court assumed jurisdiction of the property by agreement of the parties and directed that it be used as a residence by the child and appellee, so long as she lived there and did not remarry. If she moved or remarried, the property was to be sold and the proceeds equally divided. Such a decree was final only under the circumstances existing at the time, but subject to modification for the purpose of implementing the welfare or support of the child. Further, since the matter of the property had been presented by the parties to the court's jurisdiction, it maintained such jurisdiction for any further action necessary to implement or enforce its decree, or to make a final disposition of the matter. In this respect, though the decree was final for purposes of appeal, it was also interlocutory insofar as necessary to implement or enforce the provisions as to final disposition of the property by sale and division of the proceeds. Newton v. Ware, 271 Ala. 444, 124 So.2d 664; Sexton v. Sexton, 280 Ala. 479, 195 So.2d 531.

■ It cannot be contended that if upon the occurrence of the condition in the de-

cree requiring sale and division, if either party failed to consent to sale and division, that upon petition the court could not direct and enforce a sale in this same case. Surely it could, for it had assumed jurisdiction thereof. "Where a court of equity takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice in respect to matters which directly result from its decree." Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Moore v. Moore, 255 Ala. 393, 51 So.2d 683; Owens v. Owens, 281 Ala. 239, 201 So.2d 396. Thus we conclude that the court properly determined that it had jurisdiction over matters involving the property, and appellant's assignment of error 1 is not well taken.

■ Appellant's assignment of error 2 is that the court erred in overruling his demurrer to the motion to modify as amended. As previously stated herein, we find no indication in the record of a ruling on the demurrer other than after the hearing on the merits of the motion to modify. However, it has been held that under Equity Rule 16 a demurrer may be incorporated in the answer at any time before final decree though no demurrer was originally filed. Baggett Mercantile Co. v. Vickery, 213 Ala. 427, 105 So. 207. Therefore we will consider the sufficiency of the motion to modify as against the ground of demurrer argued in brief. That ground is that the motion failed to aver change of circumstances of the parties occurring since the last decree.

■ Though we have stated in discussion of assignment of error 1 that the court had jurisdiction over the property of the parties, the exercise of such jurisdiction was dependent upon the presence of at least one of two necessary factors. The first is that action in relation to the property is required for support or maintenance of the child. The second is that action is required of the court to enforce, implement or make final its interlocutory decree concerning disposition and/or division of the property. The child nor its welfare is not mentioned in the motion to modify. Thus, the court's jurisdiction to modify was not invoked for the benefit of the child.

■ The clear allegations of the motion to modify were to ask for relief solely for the benefit of the former wife and movant. As there was no award of alimony in the original decree there was no authority in the court to modify for her benefit. Holsombeck v. Pate, supra; Amason v. Amason, 46 Ala.App. 345, 242 So.2d 392. The decree of the court as to the property was final except as necessary to implement or enforce that decree. If the decree was unfair then, or subsequently develops to be unfair to a party, there is no remedy except by bill of review or appeal.

In this case, the rule is appropriate as the court merely incorporated in its decree the agreement of the parties. Appellee complains in her motion to modify that circumstances have developed since the decree rendered seventeen months prior that causes the agreement to be unfair and a hardship upon her. She averred that she has had to spend large sums of money for maintenance and improvement of the home and that she has to pay the mortgage payments, taxes and insurance. All of these expenditures tend to enhance the value of the property and to thus increase the equity of appellant in the property without his contribution. There is nothing in the motion nor in the evidence which has any tendency to show that such expenditures by her affects the welfare of the child. We do not intend to infer or hold here that if the house is sold that upon proper petition equities may not be adjusted by the court between the parties, based upon her contributions to its value. We do hold that the motion to modify as filed is insufficient to invoke the jurisdiction of the court and the demurrer was well taken and should have been sustained.

■ We further hold that upon review we find no evidence to show a change of

circumstances of the parties which affects the needs or welfare of the child. There being no other authority for modification, the decree of the court below is reversed and the cause remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.