This is a divorce case.
The parties were divorced by the Circuit Court of Russell County in 1972. In 1981, the trial court denied the wife's request for a division of property and dismissed the wife's amended complaint alleging fraud on the part of the husband when he obtained the divorce. The wife appeals and we affirm.
The record reveals the following pertinent facts:
The parties were divorced in 1972 after a marriage of sixteen years. The wife was not represented by an attorney at the time of the divorce.
The parties' jointly owned home was not mentioned in the decree of divorce. The wife was not awarded alimony or child support, although the husband did begin paying child support in 1977. Subsequent to the divorce, the wife remained in the home and made all mortgage payments on the property.
In 1981, nine years after the divorce decree, the wife filed a complaint requesting that she be awarded the home in fee simple. *Page 230 
The wife also asked the trial court to award her alimony.
The trial court held an ore tenus hearing to consider the wife's complaint. The wife testified that the husband had frequently promised to convey to the wife his undivided one-half interest in the home. The husband directly refuted the wife's testimony.
After the hearing, the trial court entered its initial order on October 20, 1981. The trial court ordered the husband's interest in the home be conveyed to the wife. Apparently, the register of the court conveyed the husband's interest to the wife in compliance with the trial court's order.
On December 10, 1981, upon motion of the husband, the trial court rescinded its order of October 20, pending further orders of the court. The trial court determined that it lacked jurisdiction to modify the 1972 decree of divorce. However, the trial court allowed the wife two weeks to provide the court with authority supporting the wife's claim for a property division.
The wife then filed an amended complaint alleging that the husband had fraudulently induced the wife into executing an answer and waiver in the 1972 divorce action. The wife claimed that the husband had promised to convey his interest in the home to the wife. In the amended complaint the wife alleged that she did not discover the husband's purported fraud until shortly prior to the time she initiated the 1981 action. The wife requested that she be awarded the home and damages due to the fraudulent act of the husband.
On December 22, 1981, after reviewing the matters presented and the prior orders involved in the instant action, the trial court entered an order dismissing the wife's amended complaint containing the allegations of fraud on the part of the husband. The wife's request for damages was stricken. The trial court further ordered that its October 20, 1981 order be withdrawn and rescinded. The register of the court was ordered to reconvey to the husband his undivided one-half interest in the home.
On appeal, the wife contends that the husband's fraud entitles her to his interests in the parties' home. The wife further contends that the husband is not entitled to an equitable division of property because of his fraudulent acts.
We disagree with the wife's contentions and affirm the order of the trial court.
The 1972 decree of divorce was rendered approximately nine years before the wife initiated the instant action requesting alimony and a property division. The trial court properly concluded that since more than thirty days had elapsed it no longer had jurisdiction to modify the divorce decree with regard to property matters. See Culverhouse v. Culverhouse,389 So.2d 937 (Ala.Civ.App. 1980); Russell v. Russell,386 So.2d 758 (Ala.Civ.App. 1980). As this court stated in Holsombeck v.Pate, 47 Ala. App. 39, 42, 249 So.2d 861, 864 (1971):
 Property settlements between the parties or alimony in gross ordered in a final divorce decree are one time things and are not subject to modification after the expiration of thirty days. Amason v. Amason, 46 Ala. App. 345, 242 So.2d 392. It follows that such matters not brought to the court's attention and its jurisdiction invoked thereon during divorce proceedings, may not be a basis for a petition to modify after the loss of jurisdiction of the court over the marital res. Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356.
We find the trial court did not err in refusing to modify the 1972 divorce decree so as to award the wife the husband's interest in the home.
The wife, on appeal, apparently contends that her amended complaint was a rule 60 (b)(3), ARCP, motion and that the trial court should have set aside the decree of divorce due to the alleged fraud of the husband.
The trial court did not abuse its discretion in dismissing the wife's amended complaint.
A motion to set aside a judgment on the ground of fraud must be brought within four months of the date the judgment was rendered. McSween v. McSween, *Page 231 366 So.2d 293 (Ala.Civ.App. 1979). In this instance, the wife's attempt to set aside the decree on the basis of fraud was initiated almost nine years after the rendition of the divorce decree.
We further note that even if the wife had timely filed a rule 60 (b)(3) motion there was evidence in the record to support the trial court's denial of relief to the wife. The husband testified that he never promised to convey his interest in the home to the wife. A trial court has wide discretion in ruling on 60 (b)(3) attacks upon final judgments. See Denton v.Sanford, 383 So.2d 847 (Ala.Civ.App. 1980). The trial court could have concluded on the evidence presented that the decree of divorce should not be set aside under rule 60 (b)(3).
The husband has requested an attorney's fee for representation on appeal. This request is denied.
Finding no error in the order of the trial court, this case is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.