YATES, Judge,
dissenting.
Because I believe that the court’s action in giving the husband four months to satisfy paragraph 10 of the divorce judgment was a permissible clarification of that agreement, I must respectfully dissent.
Athough paragraph 10 did not provide a time certain in which the husband was required to satisfy the indebtedness secured by the house and the property, the court inferred that the indebtedness was to be satisfied within a “reasonable” time. The court determined that eight years was a reasonable time for the husband to have complied with paragraph 10 and gave him four months to satisfy the indebtedness.
This court has stated:
“A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments. Patterson v. Patterson, 518 So.2d 739 (Aa.Civ.App.1987). If provisions of a property settlement are ambiguous, the court may enter an order clarifying such matters, and *949 such is not a modification of that agreement. Williams v. Williams, 591 So.2d 879 (Ala.Civ.App.1991). Property settlements pursuant to divorce judgments generally are not modifiable; however, this court has held that although a divorce judgment is final for the purpose of appeal, it may also be interlocutory in nature ‘insofar as necessary to implement or enforce the provisions as to final disposition of the property.’ Haney v. Haney, 50 Ala.App. 79, 81, 277 So.2d 356, 358 (1973).”
Grayson v. Grayson, 628 So.2d 918, 919 (Ala.Civ.App.1993). The court simply exercised its inherent power and entered an order necessary to enforce its judgment of divorce. Paragraph 10, as originally written, creates an ambiguity because it fails to provide a time certain for the husband to satisfy the indebtedness on the house and the property. Without this clarification, the judgment would allow the husband conceivably to never satisfy the indebtedness because the provision does not require a specific time in which to satisfy the indebtedness. Accordingly, I would affirm the judgment of the court.
MONROE, J., concurs.