472

71 So.2d 274

**SPARKMAN v. WILLIAMS et al.**

8 Div. 641.

Supreme Court of Alabama.

March 11, 1954.

Walter F. Eigenbrod, Huntsville, for appellant.

Earl E. Cloud, Huntsville, for appellees.

GOODWYN, Justice.

Appeal from decree ordering a sale of land for division. The parties are all the heirs of George W. Sparkman, deceased, who, at the time of his death, held the record title to said land. Appellant is·one of his sons.

Appellant, by his cross-bill, seeks to have title to the land vested in him on two theories, viz.: (1) Specific performance of an oral agreement allegedly made with his father at the time of the purchase of the land in 1921. Appellant at the time was twelve years of age. The substance of the alleged agreement is that appellant and his father entered into an oral agreement whereby title to the land was to be taken in the father's name; that the father would erect thereon a house; that a mortgage was to be placed on the land in order to obtain funds for the purchase of the land and erection of the house; .that said house was to be a home for appellant and his father and mother; that appellant was to pay one-half and his father one-half of said mortgage, taxes, insurance and repairs; that appellant, after his father's death, was to maintain and support his mother; and that, on his mother's death, the house and lot was to become the property of appellant. It is alleged in the cross-bill that appellant fully complied with the terms of said agreement. (2) That appellant and his father were joint adventurers in acquiring said land and erecting the house thereon and that, as such·joint adventurer, appellant is entitled to an undivided one-half interest in the land.

The sufficiency of the·bill of complaint, filed by appellees, and appellant's cross-bill are not presented for review.

Although one of the assignments of error goes to the overruling of appellant's demurrer to the bill, that point is not argued in brief and, therefore, will not be dealt with. Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; MacMahon v. City of Mobile, 253 Ala. 436, 438, 44 So.2d 570; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Louisville & Nashville R.R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001. There is no cross-assignment of error challenging the court's action in overruling appellees' demurrer to the cross-bill.

The one point for decision is whether the trial court erred in denying appellant the relief sought by his cross-bill. That issue, as it comes to us, is one of fact only. The rule is that written opinions are not required "in cases where the decisions merely reaffirm previous decisions, or relate to questions of fact only, or when the cases decided would, * * * [in the court's opinion], serve no useful purpose as precedents". Code 1940, Tit. 13, § 66. This case comes within that rule. Suffice it to say that we have carefully examined the evidence, and have considered and discussed it in consultation. The testimony was taken orally before the trial court and is in conflict. Applicable here is the firmly established, and oft-repeated, rule that when testimony is taken orally before the court, and is in conflict, a finding thereon by the court has the weight and effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong or against the great preponderance of the evidence. Lucas v. Lucas, 258 Ala. 515, 519, 520, 64 So.2d 70; Spruiell v. Stanford, 258 Ala. 212, 216, 61 So.2d 758. We are not willing to say that the trial court's decision should be disturbed under the authority of this rule.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.