HOLMES, Judge.
This is a divorce ease.
The wife appeals, contending that the trial court abused its discretion in the division of property.
It is clear to this court that the trial court entered its decree after an ore tenus hearing. It is equally as clear that there is no transcript of the evidence before this court. This court has no alternative but to affirm the decree of the trial court. See 2 Ala. Digest Appeal & Error @=>671(2), and 2A Ala. Digest Appeal & Error @=>1008.1(6).
We deem it appropriate to quote from Adams v. Adams, Ala.App., 385 So.2d 174, 177 (1976), where Judge Bradley, speaking for this court, stated:
“The argument urged on appeal is directed exclusively to the proposition that the trial judge’s decree, based on evidence heard ore tenus, was plainly and palpably erroneous. Reversal on such ground must be solidly based on the appellate court’s conclusion that the evidence virtually compels a result inconsistent with the trial judge’s findings, Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274. It is impossible for an appellate court to make such a determination where none of the oral testimony is communicated to it.
“Under ARAP it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10(d) statement of oral testimony falls below such a minimum.”
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.