These postdivorce proceedings concern the sale of the marital home of the parties.
The October 11, 1979 divorce judgment contained a provision whereby the Montgomery jointly-owned residence of the parties may be used by Mrs. Boyd, the defendant, until it is sold. Mrs. Boyd was not required to market the house for two years, but, after that time, she was given eight additional months within which to effect its sale. If the defendant failed to place and sell it within that eight month *Page 792 
period, the "husband shall be free to negotiate a sale of the house." Mrs. Boyd will receive sixty percent of the net proceeds when the residence is sold and Mr. Boyd was awarded the remaining forty percent. The division of the property of the parties was affirmed upon the first appeal of this case.Boyd v. Boyd, 390 So.2d 644 (Ala.Civ.App. 1980).
Mrs. Boyd contracted with realtors for a multiple listing of the house. The real estate agents showed the property to over fifteen prospects but it was not sold by the defendant within the time allowed by the divorce judgment because of its high value, a depressed market, elevated interest rates, and an unassumable first mortgage. There was evidence that the house would probably fail to bring its market value through a public auction.
The plaintiff, his present wife, and the defendant are all realtors. Mr. Boyd and his present wife now reside in Mobile.
When the defendant failed to sell the house, the plaintiff attempted to market it. He telephoned Mrs. Boyd after nine o'clock one evening and requested that he be permitted to show the property to a prospective purchaser. She refused that request because of deep and long existing emotional differences between the parties. Mr. Boyd's past presence at the home has been most difficult and unpleasant to both of them. Once, as he was leaving the residence, he threw a brick against the front door and on another occasion he forced his way into the house through a window when she would not let him inside.
The plaintiff filed a petition seeking an order that Mrs. Boyd either vacate the residence, giving to him its exclusive possession in order that he might sell it, or that she have the house appraised by a reputable appraiser and that she then be required to purchase his equity, or that the trial court order and conduct the sale of the residence.
An evidentiary trial was held before the trial court. Through a judgment of August 1983, as amended in September 1983, it was ordered by the trial court that Mr. Boyd may negotiate for the listing of the property with a licensed Montgomery real estate agency for a period of ninety days; that neither Mr. Boyd nor his present wife may show or enter the house, with the defendant being permitted to continue to reside therein; that certain procedures are to be followed when purchase offers are received by him, with the trial court reserving the right to require the acceptance or rejection of those offers; that the trial court's permission may be requested to extend or renegotiate listing contracts; and that, when the marital home is sold, the wife shall receive sixty percent of the net proceeds.
The husband appealed. A question has arisen as to whether the trial court's August and September 1983 judgments are such final judgments as to be appealable. While those judgments will not support an appeal, we opt to treat this matter as being a proceeding for a writ of mandamus in order that this controversy may be decided upon its merits. We do this because of the past and apparently continuing acrimony which exists between the parties.
The defendant filed no responsive pleading to the husband's petition. The plaintiff first contends that the trial court should not have rendered its 1983 judgments, as amended, in the absence of an answer, other pleading, or prayer for relief by the defendant. This argument overlooks rule 15 (b) of the Alabama Rules of Civil Procedure which clearly provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Since no objection was made by the plaintiff prior to or during the trial as to the lack of any pleading by the defendant, rule 15 (b) applies. If an issue is raised or if evidence is presented without objection, the pleadings are considered to be amended so as to conform to the evidence. Calvin Reid Construction Co.v. Coleman, 397 So.2d 145 (Ala.Civ.App.), cert. denied,397 So.2d 149 (Ala. 1981). In *Page 793 
addition, the raised issue is controlled by rule 54 (c), A.R.Civ.P., which provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." That contention of Mr. Boyd is without merit.
The appellate issues thus evolve as to whether the trial court erred in refusing to allow Mr. Boyd to show the house to potential purchasers or in not permitting the husband to "negotiate a sale of the house" as was authorized by the 1979 divorce judgment.
Since the trial court reached certain factual decisions based upon the conflicting evidence, we cannot disturb those findings unless they are palpably wrong. Hutchins v. Shepard,370 So.2d 275 (Ala. 1979). We have previously summarized some of that evidence which supports the holding of the trial court and we do not find any of the circuit court's determinations to be clearly erroneous or manifestly unjust. Actually, the sale procedures as established by the 1983 judgment are reasonable.
For appeal purposes the 1979 divorce judgment was a final judgment, but it also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce its provisions regarding a sale of the marital residence. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981). The trial court, by operation of law, retained jurisdiction so that any future orders or judgments could be entered as might be prudent in order to enforce, implement, or finally dispose of the entire case by effecting a sale of the home of the parties. Haney v. Haney, 50 Ala. App. 79,277 So.2d 356 (Ala.Civ.App. 1973). An interlocutory judgment may be modified at any time before a final judgment (as to the sale of the house, if needed) is entered. Rheams v. Rheams,378 So.2d 1125, 1128 (Ala.Civ.App. 1979).
Here, the trial court evidently determined that, because of conditions presently existing, it was prudent and necessary that the 1979 judgment as to the sale of the house be extended, clarified, refined, and implemented. The trial court, of necessity, must possess a discretion to exercise in matters of this nature and we find no abuse thereof in this instance. The 1979 divorce judgment which stated that Mr. Boyd was "free to negotiate a sale of the house" was rather general and vague, and, with the passage of time, the method of sale needed to be made more specific and was, thus, altered, clarified, and augmented by the 1983 judgments. The favorable evidence was such that it justified the 1983 judgments in order to attempt the sale of the home with as little strife and discord between the parties as possible.
After a lapse of thirty days from the date of the final divorce judgment, a trial court cannot modify a division of the property of the parties. However, the August 1983 judgment, as amended in September 1983, did not alter or modify the sixty/forty percent property distribution provision as was contained in the 1979 original divorce judgment. Haney v.Haney, supra.
In short, the trial court had authority under the law as well as under the facts to render the August 1983 judgment, as amended in September 1983, and did not err in entering the amended 1983 judgment. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., concurs in the result. *Page 794