This is an appeal by Betty M. Filer of an order of the Jefferson County Circuit Court approving the sale of a residence. By their divorce decree of April 22, 1982, the Filers' *Page 699 
residence was to be listed for sale immediately and the proceeds from the sale were to be divided equally. The house remained unsold and Mr. Filer brought this suit in May 1984 to compel the sale of the residence. The court found that Mrs. Filer had intentionally obstructed attempts to sell the house and entered judgment for Mr. Filer. When the house remained unsold, the court granted Mr. Filer's motion for sale. The house was sold at auction and the sale price of $121,000.00 was approved by the court, thus prompting Mrs. Filer's appeal. We affirm.
A chronology of the facts of the case is worth noting. The Filers' divorce judgment specifically provided, in part, the following:
 EIGHTH: Betty M. Filer shall have the exclusive use and benefit of the residence located at 2646 O'Neal Circle, Hoover, Alabama, until the sale of said property. Said property shall be placed for sale immediately. The property shall be placed on the market at a sales price of $150,000.00. Alvin V. Filer, Jr. shall pay all taxes and insurance on said property, and necessary repairs for sale, each party shall keep the property free of any claim, lien or encumbrance of their individual creation and indemnify the other against any such. No sale shall be contracted or consummated without the written consent and approval by Betty M. Filer of the sales price and terms of sale which consent and approval shall not be unreasonably withheld. In the event the sale of the residential property involves a delay in payment of a part of the sales price to Alvin V. Filer, Jr., the note and mortgage securing said delayed payment shall be executed in favor of Alvin V. Filer, Jr. and Betty M. Filer. Possession of the residential property shall not be required to be delivered or given up by Betty M. Filer before the 15th day of August, 1982. Alvin V. Filer, Jr. shall be reimbursed the total of expenditures by him made after the date of the judgment in this case for taxes, insurance and maintenance at the time the sale is closed. Such expenditures are to be reimbursed prior to a determination of the sum due Betty M. Filer.
Within three months of the divorce, Mr. Filer petitioned the court for a rule nisi, after Mrs. Filer had refused to accept an offer to buy the house, and also asked the court to modify the decree to reduce his alimony and child support obligations. The court found, on September 8, 1982, that Mrs. Filer was not in contempt of court as to her rejection of the offer to buy the house, but granted Mr. Filer's request to reduce alimony and child support payments.
In November 1983, in response to Mrs. Filer's petition to modify the divorce decree to increase alimony and child support, Mr. Filer answered and cross-petitioned, alleging that Mrs. Filer was frustrating attempts to sell the house. This litigation culminated in the court's ordering that alimony and child support be temporarily increased to compensate for Mrs. Filer's loss of her job and ordering that Mrs. Filer thoroughly clean the house and, if necessary, permit replacement of the kitchen flooring. It then dismissed Mr. Filer's cross-petition without prejudice on February 24, 1984.
By May 1984, the house was still unsold, and Mr. Filer brought the present suit. Testimony revealed that six realtors had contracted to sell the house from May 1982 until this suit was filed; a seventh realtor declined to accept the listing. Based upon Mrs. Filer's testimony, the court found that her desire not to sell the house was manifested by her intentional discouragement of its sale. Testimony revealed that the house was not kept clean or made presentable at times when prospective buyers were shown the property. In its April 12, 1985, judgment, the court found that "various realtors have made suggestions as to steps which could be taken in order to make the property more presentable or salable." Mr. Filer, the court ordered, should be allowed
 to perform any of the repairs or maintenance set out in the Court's finding . . . *Page 700 
and shall be reimbursed for all expenses incurred therewith from the sales price of the property when it is sold before a division of the proceeds of the sale between the parties.
When the house remained unsold by the date designated as the deadline for its sale, the court, on July 2, 1985, granted Mr. Filer's motion for sale. Mrs. Filer's attorney was allowed to withdraw from the case after advising the court that he was unable "to communicate properly with the Defendant [Mrs. Filer]." After proper notice of sale had been given, the house was sold at auction for $121,000.00. Mrs. Filer's new attorney filed exceptions and objections to the register's report of sale, which were denied, and the sale price was approved November 13, 1985. The appellant's present counsel is the third attorney to represent her in this action.
Mrs. Filer views the April 12, 1985 judgment as a collateral attack on the 1982 divorce decree. She maintains that this suit, which resulted in the order to sell the house and its sale at auction, is an improper interpretation, modification and attack on a non-modifiable property division incorporated in the divorce judgment. If the purpose of the second suit was the enforcement of the divorce judgment regarding the sale of the house, Mrs. Filer argues, the court orders of September 8, 1982, and February 24, 1984, are res judicata on the issue, and, therefore, this suit is barred. She also contends that the court ordered the house sold without setting the respective interests of the parties and that the court failed to set out the complete terms and conditions for the sale.
Both parties to this suit concede that the court had jurisdiction to hear the case. Mrs. Filer contends on appeal, however, that a second suit was not the proper vehicle for seeking enforcement of the provision of the divorce decree pertaining to the sale of the residence. Although a motion to enforce the divorce decree might have been preferable to a second suit, this error is more cosmetic than substantive. The Circuit Court of Jefferson County had jurisdiction in this case, whether the form of the action was a motion to enforce the divorce judgment or a separate suit. Mrs. Filer was not prejudiced simply because Mr. Filer chose to file a separate suit. Regardless of form, the relief which Mr. Filer sought under either procedure was to get the parties' property sold.
Mrs. Filer argues that the April 12, 1985 judgment, the subsequent order for sale by auction, and the court's approval of the sale constitute a modification of the non-modifiable property division included in the divorce decree. This argument disregards the clear weight of authority in Alabama. See Haney v. Haney, 50 Ala. App. 79, 277 So.2d 356 (1973);Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981); andBoyd v. Boyd, 447 So.2d 790 (Ala.Civ.App. 1984).
In Mayhan, supra, the husband was awarded use of the house, but if the house should be sold, proceeds from the sale were to be divided equally. The wife successfully petitioned the court for a sale of the house and an equal distribution of the proceeds. The husband claimed, as does Mrs. Filer in the present case, that the trial court lacked the authority to order the sale of the house because an order of sale would constitute a modification of a non-modifiable property settlement. The Court of Civil Appeals said, in Mayhan:
 "We concur with the husband that a divorce judgment dividing property between the parties is not subject to modification as to such property division on account of changed conditions. However, the 1980 judgment did not modify the 1979 agreement and judgment. The agreement authorized an equal division of their equity in the property should the house be sold and no alteration as to such provision was made by the latest judgment. The agreement was ambiguous since it did not state how, when, by whom or in what manner the house would be sold, and the judgment clarified such matters. By virtue of the agreement of the parties, the court originally had jurisdiction of the property. By operation *Page 701 
of law, the Circuit Court retained jurisdiction for any further judgments which might be subsequently required in order to enforce, implement or make a final disposition of the matter. For the purposes of appeal, the 1979 divorce judgment was final; yet it was also interlocutory in nature 'in so far as necessary to implement or enforce the provisions as to final disposition of the property by sale and division of the proceeds.' In Haney the husband raised the same issue as is here involved and it was decided contra to him."
Id., at 1023-24. Again, in Boyd, supra, the Court of Civil Appeals reaffirmed the finality of the judgment of divorce for purposes of appeal but said that the judgment was interlocutory to the extent that further action might be necessary to extend, clarify, refine, and implement the judgment. 447 So.2d, at 793.
Here, as in Mayhan, and Boyd, supra, the April 12, 1985 judgment did not alter or modify the division of proceeds to be realized from the sale of the Filers' house. The divorce judgment ordered that the house be placed on the market at $150,000.00. During the next two years, the house was listed at prices ranging from $150,000.00 to $165,500.00. Mrs. Filer refused to allow a listing at less than $150,000.00 despite advice from more than one agent that a realistic selling price would be substantially less.
The last realtor to list the house, before it was auctioned, conducted a market analysis and advised the Filers that $120,000.00 would be a realistic price, given the area and the condition of the house. Nothing in the original judgment supports the argument that $150,000.00 was a minimum sales price intended by the court to remain fixed despite subsequent prevailing market conditions or the condition of the property. The divorce decree ordered that the house be "placed on the market at a sale price of $150,000.00." As the record clearly attests, attempts to sell the Filers' house for $150,000.00 or more were unsuccessful. Based upon the testimony presented at trial, we cannot say that the sales price of $121,000.00 was at all unreasonable. In addition, the division of the proceeds from the sale remains unchanged. The court did no more than enforce the original judgment, as it was empowered to do. Mrs. Filer asks that the sale be set aside on the grounds that the court failed to observe proper procedure. Specifically, she contends that the court failed to set the respective interests of the parties in regard to the reimbursable expenses to be charged against the proceeds from the sale of the house before dividing the remainder between the parties, and also failed to prescribe whether the sale should be on a cash basis or on an installment basis.
Mrs. Filer failed to address either of these alleged irregularities regarding the sale in her objections and exceptions; therefore, she may not raise them to attack the sale on appeal. Taylor v. Taylor, 398 So.2d 267 (Ala. 1981). In any case, however, these objections are without merit. We have held, in Hogan v. Carter, 431 So.2d 1160 (Ala. 1983):
 Courts have the power to set aside "a sale made under any legal process [when] infected with fraud, oppression, irregularity or error to the injury of either party," Code 1975, § 6-9-147, or when the sales price is "so grossly inadequate as to shock the conscience of a fair and honest man." Dunn v. Ponceler, 235 Ala. 269, 274, 178 So. 40, 44
(1937).
431 So.2d, at 1163. Appellee points out that "although the original Order Granting Motion for Sale does not include specifics regarding the terms of sale, these particulars were subsequently added by the Circuit Court's Memo to File which directed the Deputy Register to adhere to certain procedures in conducting the sale of the residence."
Mrs. Filer concedes the existence of the corrective memo, but argues that it lacked the weight of a judicial decree and did not obligate the register in the conduct of the sale. She goes on to suggest that a higher sales price might have been realized if a credit sale had been permitted. In fact, the *Page 702 
record is clear that Mrs. Filer refused to consider the initial offer to buy the house, which included such a provision, and she testified that she would not agree to holding a mortgage for a buyer. Once again, Mrs. Filer seems to argue form over substance. There is no evidence that she was injured by the court's use of a corrective memo to amend the order for sale. The selling price of the house was actually greater than the proposed listing price suggested by the last realtor to represent the Filers.
We also find no merit in Mrs. Filer's contention that the court failed to set the respective interests of the parties in regard to the reimbursable expenses to be charged against the proceeds from the sale of the house before dividing the remainder between the Filers. Paragraph eight of the original decree, supra, provided that all taxes, insurance, and repairs were to be paid by Mr. Filer, for which he would be reimbursed at the time of sale. The April 12, 1985, judgment did nothing to alter the effect of the original order. It provided, in addition to the terms set forth in the original decree:
 Any additional cleaning or repairs of the Property which is caused by the Defendant following the date of this Judgment, other than normal maintenance, shall be charged to the Defendant's share of the proceeds of the sale.
There is no dispute that the proceeds from the sale are to be equally divided after the aforementioned reimbursable expenses are deducted. The interests of the parties were clearly set by the original decree. The court merely recognized that expenses caused by Mrs. Filer, "other than normal maintenance," which occurred after judgment was ordered for Mr. Filer, should be paid out of her share of the proceeds. Again, we are of the opinion that Mrs. Filer could not have misconstrued the clear direction of the court as to the parties' respective interests in the proceeds.
We hold that the circuit court was correct in finding for Mr. Filer and, subsequently, in ordering and then approving the sale of the house. We note that the court heard testimony presented ore tenus. Findings of fact based upon evidence presented ore tenus will be presumed correct and will not be disturbed on appeal if supported by the evidence or "any reasonable inferences therefrom." Bettis v. Bettis,475 So.2d 847 (Ala. 1985). More than sufficient evidence exists to affirm the judgment of the circuit court.
The judgment of the circuit court, therefore, is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.