BRADLEY, Presiding Judge.
This is a domestic relations case involving a property settlement.
There were two issues raised on appeal. Defendant, husband, first contends that the trial court committed reversible error in failing to appoint a second guardian ad litem for the defendant subsequent to the withdrawal of the first court-appointed guardian ad litem. We disagree. The second issue raised on appeal is the husband’s contention that the trial court did not have authority to require the payment of unpaid federal income taxes as a part of the property settlement. We disagree.
Wife filed for divorce in November 1985. The trial date was set for January 29,1986. On that date the husband failed to appear, although his attorney was present. The husband’s attorney requested the court to allow him to withdraw as counsel and the request was granted. The court appointed a guardian ad litem to “represent and protect the interests of the above Defendant, Roland 0. Stidham.”
The divorce decree was entered on June 9, 1986 and the court in its decree adopted an agreement between the parties regarding a property settlement. The court retained jurisdiction over this settlement and over attorney fees in the event the parties could not agree on an equal division. On August 12, 1986 the wife petitioned the court to divide the property due to the failure of the parties to reach an agreement. Subsequent to this petition but prior to its disposition, the wife made a motion to require the husband to pay outstanding bills. In this motion the wife claimed she had received notice of the sale of property for unpaid taxes and that she had also received notice from the Internal Revenue Service that the 1985 taxes were unpaid and a levy would be made on the property if the taxes remained unpaid after ten days.
The court issued an order on October 7, 1986 which disposed of the properties. The wife made a timely motion for reconsideration, claiming the disposition was unequal pursuant to the agreement incorporated into the original divorce decree. She further claimed the court failed to dispose of the liens on the property, did not include $50,850 insurance proceeds from burned property, and failed to fix proper attorney fees.
On October 16, 1986 the court ordered the husband to pay attorney fees for both attorneys. On November 12, 1986 the court ruled on the motion for reconsidera *688 tion regarding the disposition of the insurance proceeds. The order required the husband to pay, out of the insurance proceeds, the attorney fees, the tax arrears, the appraisal costs, the balance due on an automobile, and the taxes necessary to redeem property, with the balance to remain with the husband. The wife filed a timely motion for rehearing or reconsideration in that the order was not an equal distribution of property pursuant to the original decree.
On December 9, 1986 the guardian ad litem appointed for the husband asked to withdraw, claiming the husband had obtained other counsel. The court allowed and granted the withdrawal. On January-6, 1987 the court amended its order nunc pro tunc and divided the insurance proceeds equally. Out of the husband’s share the court ordered payment of all attorney fees, tax arrears to the IRS, appraisal cost, balance owed on an automobile, and any taxes necessary for redemption of property awarded to the wife. The remaining balance was to be awarded to the husband. The husband moved for a new trial on the ground that the tax liens were actually marital debts, nonmodifiable, and thus not subject to the jurisdiction of the court. The motion was denied, and the husband appeals to this court.
Husband contends that the trial court committed reversible error in entering the January 6, 1987 order on the ground that he was not, at that time, represented by a guardian ad litem. It is undisputed that a minor or a non compos mentis defendant is entitled to the services of a guardian ad litem during important proceedings. Ridgeway v. Strickling, 442 So.2d 106 (Ala.Civ.App.1983). However, an official adjudication of incompetency is not necessary for the court to invoke Rule 17, Alabama Rules of Civil Procedure. Helton v. Helton, 362 So.2d 257 (Ala.Civ.App.1978).
In the case before us, the record is silent as to the evidence before the court at the time the guardian ad litem was appointed. In a similar situation this court stated:
“The argument urged on appeal is directed exclusively to the proposition that the trial judge’s decree, based on evidence heard ore tenus, was plainly and palpably erroneous. Reversal on such ground must be solidly based on the appellate court’s conclusion that the evidence virtually compels a result inconsistent with the trial judge’s findings, Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274. It is impossible for an appellate court to make such a determination where none of the oral testimony is communicated to it.
[[Image here]]
“... It is quite obvious that the trial court heard evidence which is not before us; consequently we must assume that the oral evidence is sufficient to support the decree rendered....”
Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976).
The trial court, in its discretion, appointed a guardian ad litem to represent the husband. He was represented until after the wife’s last motion was presented to the court. This motion was filed on December 2, 1986. The record indicates the guardian ad litem petitioned the court on December 9,1986 to “withdraw as counsel for the Defendant as the Defendant has obtained other counsel.” This petition was granted. There is nothing in the record before this court upon which we can base an assessment of the trial court’s action in allowing the withdrawal by the guardian ad litem. The husband had been present before the court on numerous occasions and the trial court had ample opportunity to view his demeanor. Absent testimony in the record to the contrary, it is presumed that the trial court had sufficient evidence on which to base its decision to allow withdrawal. Adams, supra.
Further, it should be noted that the husband did have representation throughout the proceedings. The guardian ad li-tem did not withdraw until after the wife filed the last motion for reconsideration. On January 6, 1987, one month after the withdrawal, the court amended its order nunc pro tunc to make the final disposition of the property. This order did not modify the original decree, it merely implemented that decree. Without record evidence be *689 fore us which was heard by the court, we must presume that a guardian ad litem was necessary at the time he was appointed and, further, he was not necessary at the time he was allowed to withdraw. Adams, supra. Thus, the court did not commit reversible error in rendering its January 6, 1987 order.
The second issue addressed on appeal is whether the court had jurisdiction over the unpaid IRS taxes which had resulted in liens being imposed on the parties’ various properties. We agree with the husband that an equity court cannot modify a property settlement provision after the lapse of thirty days except to correct clerical errors. McEntire v. McEntire, 345 So. 2d 316 (Ala.Civ.App.1977). However, the trial court can retain jurisdiction “so that any future orders or judgments could be entered as might be prudent in order to enforce, implement, or finally dispose of the entire case.” Boyd v. Boyd, 447 So.2d 790 (Ala.Civ.App.1984). The court here did retain such jurisdiction when it decreed that the court would make an equal division in the event the parties were unable to reach an agreement. Thus, the dispositive issue is whether the required payment of the overdue IRS taxes was part of the retained property settlement jurisdiction or whether such payment is to be considered a marital debt not subject to modification after thirty days from the original decree.
Husband contends that the indebtedness to the IRS was a marital debt and, since no motion is made as to expressly retained jurisdiction, the court cannot reach that issue now. In reply, the wife argues that the trial court could have concluded that since the unpaid income taxes constituted a lien on the parties’ property, the most equitable solution would be to require the husband to pay the taxes out of his share of the proceeds from the insurance settlement.
Division of property and property settlements are within the sound discretion of the court and its judgment will not be altered on appeal unless the decision is palpably wrong. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). In situations where this authority is retained by the court to implement or effectuate a decree such as the division of property, the judgment is considered interlocutory in nature. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981). Moreover, once jurisdiction is obtained by the equity court, it has the power to use any reasonable means to effectuate a property settlement. Hurd v. Hurd, 456 So.2d 316 (Ala.Civ.App.1984). In the case at bar, it is reasonable to conclude that the trial court viewed the unpaid income taxes as an impediment to a final, equal division of the parties’ property and proceeded to attempt a final disposition of the parties’ property by requiring the payment of taxes, which would nullify the tax liens and allow an equal division of the property. Thus, the trial court had the authority to require payment of the income taxes in order to effectuate its decree requiring an equal division of the property.
The trial court did not err in failing to appoint a guardian ad litem to represent the husband during the period of time after the withdrawal of the court-appointed guardian ad litem in that we must presume that the court had sufficient evidence that the husband was not an incompetent in need of a guardian ad litem. Further, the court did not err in dividing the property in that it retained jurisdiction in the original decree and could do what was reasonably necessary to make the final disposition. Thus, we affirm the court’s decree.
Wife’s request for an attorney’s fee on appeal is granted in the amount of $450.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.