L. CHARLES WRIGHT, Retired Appellate Judge.
Former husband appeals from an order denying his motion to alter, amend, or vacate (styled as a “Motion to Reconsider”).
The parties were divorced in 1987 and a settlement agreement was incorporated in the divorce decree. In September 1989 the former husband filed a petition to enforce a provision of the settlement agreement, requiring the former wife to pay the former husband $10,000 plus interest. Central to this dispute are the following provisions of the settlement agreement:
“Section 9.4. HOUSE UNDER CONSTRUCTION.
“Prior to institution of divorce proceedings herein Husband and Wife executed a contract to purchase and have constructed a new home for the purchase price of $197,500.00. Pursuant to said contract, Husband borrowed in Husband’s name alone the sum of $20,000.00 from AmSouth Bank in Prattville and paid said $20,000.00 to the builder. Wife is a real estate agent and presently has a prospective purchaser to buy said home for the purchase price of $197,500.00. Wife shall continue to use her best effort to secure a willing buyer to purchase said home at the price of no less than $197,500.00 unless agreed upon by both Husband and Wife in writing. Husband shall be responsible for making the interest payments on the $20,000.00 loan to AmSouth Bank pending the sale of the house under construction and in the event the loan with AmSouth Bank matures prior to the house being sold, Husband shall pay the interest thereon and renew said note. Husband shall not pay any principal reduction on the $20,000.00 unless required by said bank. All payments, if any, made by Husband for interest and any required principal paid as required by said bank, shall be reimbursed to Husband from the proceeds of the sale; otherwise, the parties shall equally share in the proceeds of sale. Should the sale of the house under construction fail to provide sufficient funds to fully reimburse Husband for all interest and any portion of required principal paid, then Wife shall pay to Husband upon the sale of the house under construction, one-half (½) of all unreim-bursed interest and/or required principal paid by Husband on said loan. In the event Husband and Wife are unable to sell the house under construction or the parties are sued over said house under construction, or in the event any loss is incurred by the parties resulting from the house under construction, each party shall be equally liable for all loss incurred thereon. Husband and Wife agree neither may sell the house under construction without the consent of the other.”
Also:
“Section 9.1. CURRENT RESPONSIBILITY-HOLD HARMLESS PROTECTION.
"... Attached hereto as Exhibit ‘A’ is a complete list of all debts of the parties fully disclosed each to the other and each debt shall be assumed and paid pursuant to this agreement by the person whose name appears next thereto.”
“Exhibit A,” in pertinent part provides:

“Debts

[[Image here]]
“... [Husband] and [wife] shall be jointly liable for and shall pay the indebtedness to AmSouth Bank of Prattville, Alabama in the amount of $20,000.00 for the down payment on the house under construction which is presently in the name of [the husband], individually, in *483 accordance with the terms and conditions of paragraph [sic] 9.4 herein.”
Former wife in response to former husband’s petition filed an answer and a counterclaim for modification of certain aspects of the divorce decree which are not in issue on this appeal. The answer of former wife essentially stated that the home involved herein was sold for $195,000 and that the former husband has not made a demand upon the builder for the return of the $20,-000 down payment. She also asserted that certain “extras” to be included in the price (such as a $7,900 swimming pool, a $5,475 fence surrounding the home, etc.) were omitted from the home and that, therefore, the “cost” to build the home was far less than originally anticipated.
A serious dispute arose over the respective liabilities of the former spouses for the payment of the $20,000 loan used as a down payment on the home referred to in “Section 9.4” of the parties’ settlement agreement.
After ore tenus proceedings the trial court issued an order which, in pertinent part, ordered the former wife to repay “$8,116.29 for payments made by [former husband]” to satisfy the $20,000 loan pursuant to the parties’ settlement agreement. The court’s order also stated: “the former husband should make good (and better) faith efforts to collect the $20,000.00 [that] he claims is owed [to] him from the builder/owner of the [home referred to in Section 9.4 of the settlement agreement].”
Former husband next filed a motion to alter, amend, or vacate the trial court’s order to provide that the former wife additionally owes one-half of the principal and interest of the remaining $7,000 balance on the $20,000 loan. This motion was granted by the court.
Former wife then filed her motion to alter, amend, or vacate, stating, in pertinent part, that the “only reasonable interpretation” of Section 9.4 is, essentially, that the former wife is not responsible for payment of one-half of the remaining principal and interest. The former wife also filed an objection to the former husband’s motion to alter, amend, or vacate.
The trial court set aside its order that determined the former wife liable for one-half of the principal and interest of the remaining $7,000 balance on the $20,000 loan. The trial court also decreed:
“1. That while it may appear [the former wife] owes [the former husband] the sum of $8,116.29 for payments made by [the former husband] to satisfy the ... debt pursuant to the parties’ [settlement] Agreement, it further appears to the Court that [the former husband] has not made and exhausted all good-faith efforts to collect the $20,000.00 he claims is owed him from the builder/owner of the residence in question. Until the Court is satisfied from clear and convincing evidence that [the former husband] has made such efforts, the Court declines to require [the former wife] to share in such liability. The Court will entertain subsequent pleadings from [the former husband],...”
Former husband then filed a motion to reconsider, to which the former wife filed response. The trial court denied the former husband’s motion. The former husband pursues this appeal and argues that the trial court committed reversible error because it improperly modified a property settlement provision of the parties’ divorce decree.
A court has no jurisdiction to modify a property settlement, except to correct clerical errors, after the lapse of thirty days from the rendition and entry of a final decree. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980). Once thirty days have elapsed since the respective rights of the parties are determined, the decree is not subject to modification or alteration. See, Filer v. Filer, 502 So.2d 698 (Ala.1987).
The last order of the trial court might appear to have made no specific modification of the property division encompassed in the parties’ divorce agreement. However, because the trial court amended its order twice and ultimately decreed that the former wife was not liable for one-half of the loan “until” the former husband makes “all good faith efforts to *484 collect” the money from the builder/owner, the effect is to place a condition upon the former wife’s responsibility. The former wife agreed to be jointly liable with the former husband for the $20,000 loan in the event it was not recovered from the sale of the house. The separation agreement as respects this liability is not ambiguous. To make the former wife’s liability on the loan “conditional” is improper, as it constitutes a modification of the division of property encompassed in the divorce decree. For this error the decree below is reversed insofar as it makes the former wife’s obligation conditional upon the former husband’s actions to recover from the contractor/owner, and the cause is remanded to determine the present amount owed by the former wife under the original decree.
Both the former husband and the former wife have requested an award of attorney’s fees. The purpose of the proceeding below was to declare the former wife’s obligation under the divorce decree, and there is no authority to grant such an award. See, § 30-2-54, Code 1975.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.