This case involves post-divorce proceedings.
Nancy Thompson Grayson (wife) and William David Grayson (husband) were divorced on February 18, 1992. The divorce judgment provided, in pertinent part, that the husband "pay and be responsible for the debts owed to Visa, Parisian's, McRae's and American *Page 919 
Express," and further ordered that "each party pay and be responsible for any other bills in his or her name not otherwise disposed of herein."
On August 3, 1992, the wife filed a "motion to enforce decree," alleging that the husband had failed to pay the debts as ordered in the divorce judgment. The husband answered, admitting that he had not paid the credit card debts and alleging that the wife had not furnished him with the invoices. On October 27, 1992, after ore tenus proceedings, the trial court, inter alia, found both parties in contempt, ordered each to obey all future orders of the court, and reaffirmed all other provisions of the divorce judgment.
On November 25, 1992, the wife filed a "motion to amend order nunc pro tunc," requesting that the trial court amend its prior order and enter a judgment against the husband in an amount equal to those marital debts that he had not yet paid. On March 9, 1993, the trial court entered a judgment against the husband in the amount of $9,474.79. The wife appeals.
In consideration of the filing date of the wife's motion to amend and the date of the trial court's order disposing of that motion, the wife asserts that her motion to amend was denied by operation of law. The dispositive issue on appeal is whether Rule 59.1, A.R.Civ.P., applies.
Rule 59.1, A.R.Civ.P., provides that certain post-judgment motions, including a Rule 59 A.R.Civ.P. motion to alter, amend or vacate a judgment, will be deemed denied if not disposed of by the trial court within 90 days of filing. If Rule 59.1 applies to the instant case, the trial court was without jurisdiction to enter its order on March 9, 1993, absent an agreement by the parties to extend the 90-day time limit. Kichler v. Kichler, 523 So.2d 1074 (Ala.Civ.App. 1988).
The wife's motion is labeled as one to amend; however, we have previously determined that the relief sought within the motion governs, and "the nomenclature of a motion is not controlling." Rebel Oil Co. v. Pike, 473 So.2d 529, 531
(Ala.Civ.App. 1985). Although the wife's motion appears to request a modification of the judgment pursuant to Rule 59, A.R.Civ.P., the relief sought by the motion is that the trial court enforce its original judgment.
A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments. Patterson v. Patterson, 518 So.2d 739
(Ala.Civ.App. 1987). If provisions of a property settlement are ambiguous, the court may enter an order clarifying such matters, and such is not a modification of that agreement.Williams v. Williams, 591 So.2d 879 (Ala.Civ.App. 1991). Property settlements pursuant to divorce judgments generally are not modifiable; however, this court has held that although a divorce judgment is final for the purpose of appeal, it may also be interlocutory in nature "insofar as necessary to implement or enforce the provisions as to final disposition of the property." Haney v. Haney, 50 Ala. App. 79, 81,277 So.2d 356, 358 (1973). In Mayhan v. Mayhan, 395 So.2d 1022
(Ala.Civ.App. 1981), this court determined that a post-divorce judgment did not modify the original judgment, rather, it merely clarified or enforced an ambiguous original judgment.
In the case sub judice, the original divorce judgment ordered that the husband "pay and be responsible" for certain debts without specifying the manner in which those debts were to be paid. When the trial court subsequently entered a judgment against the husband for an amount equal to the unpaid credit card debts, it "did no more than enforce the original judgment, as it was empowered to do." Filer v. Filer,502 So.2d 698, 701 (Ala. 1987). Although the trial court was without jurisdiction to modify the original judgment on March 9, 1993, it had the authority to clarify and enforce its original judgment of divorce on that date.
Although a trial court has the inherent authority to enforce its own judgments, the proper vehicle by which to request that enforcement is unclear. Our Supreme Court, inFiler, supra, stated by way of dicta that a motion to enforce was an appropriate method to seek enforcement of the provisions of a divorce judgment. Additionally, the similarity of the Federal and the Alabama Rules of *Page 920 
Civil Procedure creates a presumption that federal caselaw construing the federal rules are authority for interpretation of the Alabama rules. Ex parte Scott, 414 So.2d 939 (Ala. 1982). The United States District Court commented in Jones v.Cleland, 515 F. Supp. 212 (N.D.Ala. 1981), that a motion to enforce a judgment is the proper method to pursue the enforcement of that judgment. Accordingly, we determine that the wife's motion to amend the order is actually a motion to enforce the judgment and is not a Rule 59 motion; therefore, the wife's motion is not subject to denial pursuant to Rule 59.1. Further, we conclude that a motion to enforce a judgment is an appropriate method to seek enforcement of the provisions of a divorce judgment. See Filer, supra.
Based upon the foregoing, the judgment of the trial court entered on March 9, 1993, is a valid judgment, and is hereby affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.