RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from a final judgment of divorce.
Joann T. Crabtree (wife) and Jere Austill Crabtree, Jr., (husband) were divorced on May 3,1995. Paragraph seven of the divorce judgment provided the method by which the parties’ jointly-owned homeplace would be sold, along with how the proceeds would be distributed. Paragraph 7 of the divorce judgment states the following in pertinent part:
“[T]he [husband] shall be paid $32,000.00 off the top and the remainder of the proceeds shall [be] equally divided between the parties; in the interim, the [wife] be, and hereby is, awarded the exclusive use and peaceable possession of the homeplace; and the [husband] shall pay and be responsible for the indebtedness due thereon.”
The parties sold their jointly-owed home-place in January 1996. The net proceeds to be divided from the sale were $104,348.57. Thereafter, both parties filed a motion for disbursal of the funds. The trial court, in a subsequent order dated February 22, 1996, awarded the husband $75,713.87 of the proceeds. The wife was awarded $28,634.70 of the proceeds.
Furthermore, the trial court withheld a portion of each party’s proceeds, pending a further hearing on May 13, 1996, in order to *39 make a determination as to whether certain debts pursuant to the original divorce judgment had been paid and whether intentional damages were done to the homeplaee prior the time the wife moved out.
On May 13, 1996, the trial court entered a final order, wherein it disbursed the remaining proceeds. Thereafter, the wife appealed.
At the outset, we would note that the husband contends that the wife’s appeal is untimely because, he says, she should have appealed from the February 22, 1996, order instead of the May 13, 1996, order. However, we conclude that the May 13, 1996, order was final and, therefore, appealable because it disposed of all the dispositive issues pertaining to the disbursal of the proceeds. See Palughi v. Dow, 659 So.2d 112 (Ala.1995).
The dispositive issue on appeal is whether the trial court’s disbursal of the property proceeds in the subsequent order should be construed as a non-modifiable property settlement.
The wife contends that the trial court’s subsequent order of February 22, 1996, was a modification of the original divorce judgment. The wife contends that the trial court could not modify or amend the original divorce judgment to change a property settlement award after the lapse of thirty days from its rendition.
Specifically, the wife states that “[b]y ordering the [husband] ... to pay the indebtedness and then giving him thirty-two thousand ($32,000.00) dollars, the court would be reimbursing the [husband] ... for those months that he was paying mortgage payments while the [wife] ... was living in the homeplaee with their child.”
We find no ambiguity in the plain language of paragraph 7 of the divorce judgment. Paragraph 7 specifically states that the husband “shall be paid $32,000.00 off the top and the remainder of the proceeds shall [be] equally divided between the parties.” This is precisely how the trial court disbursed the proceeds. The net proceeds were $104,348.57. The trial court awarded the husband $75,713.87, which included the $32,-000. Paragraph 7 further states that the husband “shall pay and be responsible for the indebtedness due thereon.” The divorce judgment did not indicate what credit, if any, the husband would get for paying the indebtedness on the homeplaee. However, we would note that it appears as though the trial court did reimburse the husband approximately $7,539.58 for the mortgage payments he made during the interim period that the wife was occupying the homeplaee.
We would note that this court, in Grayson v. Grayson, 628 So.2d 918, 919 (Ala.Civ.App.1993), stated the following:
“A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments- Property settlements pursuant to divorce judgments generally are not modifiable; however, this court has held that although a divorce judgment is final for the purpose of appeal, it may also be interlocutory in nature ‘insofar as necessary to implement or enforce the provisions as to final disposition of the property.’”
(Citations omitted.)
We would further note that even if the terms of paragraph 7 were found to be ambiguous, the trial court still had the inherent authority to enter an order clarifying those terms, and such would not be construed as a modification of the original judgment. Grayson, 628 So.2d at 919.
Based on the foregoing, we conclude that trial court, in its order dated February 22,1996, was merely enforcing or, otherwise, clarifying those portions of the divorce judgment relevant to the disbursal of the proceeds.
In view of the totality of circumstances, the husband’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
*40 ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.