YATES, Judge.
Roy Mitchell Johnson (“the father”) and Kathy Barnes Johnson Taylor (“the mother”) were divorced in 1980. The trial court awarded custody of the parties’ minor daughter to the mother; granted the father visitation; and ordered the father to pay child support. In 1982, the court mod *1104 ified the order, awarding custody to the father, with visitation rights to the mother.
Until 1994, the child actually lived with her paternal grandparents and not with the father. In April 1994, the paternal grandparents asked the court to grant them reasonable visitation, after the father had threatened to take the child out of the state. The trial court entered an ex parte order, awarding the grandparents visitation rights pendente lite and restraining the father from removing the child from the state. The court stated in its order that either party could petition for a final hearing.
The grandparents filed a subsequent petition on May 12, 1994, seeking custody of the child. In that petition, the grandparents requested the court to order the sheriffs department to assist them in recovering personal items and a pet of the child’s from the father’s house after the father had refused to allow the child to have her medicine, school books, and cat, and had threatened to give her things to a charity. The grandparents also asked that the father be restrained and enjoined from impairing the child’s right and entitlement to the benefits of the “PACT” program (“Wallace-Folsom Prepaid [Affordable] College Tuition Trust Fund”, see §§ 16-33C-1 to -8).
The trust fund is designed to assist payment of college tuition costs by allowing a person to purchase PACT contracts in advance of a child’s attending college. The PACT program obligates the state to pay tuition in accordance with the contract if the minor child attends a state college or university. § 16-33C-1. The purchase price of a PACT contract is determined actuarially. § 16-33C-6(f). Payments received become public funds, which the state invests to generate assets to fund the child’s education. § 16 — 33C—6(d).
The grandparents filed their petition for custody after the father had demanded the money in the child’s PACT account and had stated that he never wanted to see the child again. According to the petition, the father stated that he would dispose of all of the child’s things on May 14, 1994, if he was not given access to the PACT account.
On May 12, 1994, the trial court entered an order enjoining the father from disposing of the any of the child’s personal items, allowing the child to retrieve all her personal items and her pet, and enjoining the father from impairing in any manner the child’s right and entitlement to her PACT account “until the further orders of this court.” The court ordered that the father be served with the order. No action was taken on the grandparents’ request for custody.
On May 25, 1994, the trial judge recused himself.
On June 17, 1994, the father moved to set aside the ex parte orders previously entered, alleging that the orders did not comply with Rule 65, Ala. R. Civ. P., and the general guidelines of the 16th Judicial Circuit regarding ex parte orders. That same day, the judge newly assigned to hear the case set the motion for a hearing on August 4, 1994. The hearing was later continued until September 21,1994.
After the hearing, the trial court, on October 19, 1994, entered an order stating:
“Pending a final hearing on the issue of custody of the minor child ..., temporary custody shall remain in ... paternal grandparents of said minor child.
“No further petitions shall be filed or orders issued without notice to opposing Counsel and parties.”
On December 14, 1995, the trial court entered the following order:
“This case appearing on the disposi-tional ‘Hoss’ Docket and no action having been taken by this date,
“It is therefore ordered, adjudged, and decreed that said case be and the same is hereby dismissed.”
Without the knowledge of the child or the grandparents, the father, on December 6, 1996, removed the money from the *1105 child’s PACT account — $7,684.53—and spent it for his own personal use.
On November 13, 1997, the paternal grandmother[1] filed a verified complaint asking the court to require the father to show cause why he should not be held in contempt for his violation of the court’s order restraining him from impairing the child’s right to the benefits of the PACT program. The child was at that time starting her first year of college and needed the funds to pay tuition.
The grandmother moved the court to order the father to comply with discovery requests. On March 26, 1998, the court ordered the father to comply with discovery requests and to do so within 20 days or be subject to sanctions. The father still did not comply, and a hearing was set for May 19, 1998. On May 12, 1998, the father complied with the discovery motion.
At a hearing on the grandmother’s verified complaint, the father argued that the trial court’s December 14, 1995, dismissal order, wherein the trial court dismissed the pending motion for custody pendente lite filed on October 19, 1994, acted as a dismissal of the court’s earlier order dated May 12, 1994, which had enjoined the father from spending the child’s PACT money. The grandmother argued that the order intended to protect the child’s PACT money had not been set aside. She argued that the dismissal order dismissed only the pending motion for a final hearing on the question of custody.
At the hearing, the court stated:
“Well, it appears that the disposition of a docket or what we call the ‘Hoss docket,’ when we do issue an order in that, basically what that does is dismiss any pending position [sic] at that time. But I don’t think it dismisses any orders that have been issued by a Court having jurisdiction to issue those orders.”
On October 5, 1998, the court found that “the duty of the [father] to comply with the prior orders of this Court with respect to maintaining the PACT Agreement is viable and in full force and effect.” The trial court ordered the father to pay the withdrawn funds into court within 45 days.
The father filed a motion for a new trial or, in the alternative, to “reconsider.” Following another hearing, the court again ruled that the order restraining the father from impairing the child’s entitlement to the benefits of the PACT program remained in full force and effect.
The grandparents, in addition to seeking custody, had attempted to stop the father from throwing away his child’s things and from invading the child’s college money. The father moved to set aside the orders. Following a hearing, the trial court ordered that, pending a final hearing on custody, temporary custody would remain with the grandparents. The injunction preventing the father from taking his child’s college money was not addressed in the order. Because no final hearing was held, the trial court disposed only of his order relating to the pending hearing. No further order has been issued relating to the PACT account. Absolutely nothing in the trial court’s summary dismissal relieved the father of the duty to provide for his child. “A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments.” Grayson v. Grayson, 628 So.2d 918, 919 (Ala.Civ.App.1993). The record discloses no intention of the trial court that the summary dismissal of the pending hearing disposed of the court’s earlier order enjoining the father from invading his child’s college fund.
The trial court has made no further order relating to the injunction against the father. Although another motion was dismissed, that did not affect the injunction. In its original order enjoining the father from taking the child’s college money, the trial court specifically stated that the in *1106 junction remained in place until further orders of the court. Where an order, by its own terms, leaves open an issue for future resolution, that issue is still before the court. The trial court, in interpreting its own orders, has affirmatively stated that the injunction remains in effect.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J„ dissents.

. By this time, the grandfather was deceased.