Rel: July 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2024-0069

_____

## Jennifer Todd

## v.

## Jeffery Clarke Todd

## Appeal from Baldwin Circuit Court
## (DR-23-900431)

MOORE, Presiding Judge.

Jennifer Todd ("the wife") appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") divorcing her from Jeffery Clarke Todd ("the husband"). Because we conclude that the trial court's judgment is nonfinal, we dismiss the appeal.

Procedural History

On April 13, 2023, the wife filed a petition for a divorce from the husband. (C. 6). She requested, among other things, an award of sole physical custody of the parties' two minor children ("the children"); an award of child support; a determination of the marital property and an equitable division thereof; an order directing the husband to "pay such debts of the marriage as the court deems equitable," indemnifying the wife for the same; and an award of attorney fees. On May 18, 2023, the husband filed an answer to the wife's complaint and a counterclaim for a divorce, in which he requested, among other things, "no less than joint legal and joint physical custody" of the children, a division of all real and personal property acquired during the parties' marriage, and a division of all debts incurred during the parties' marriage.

The trial was commenced on September 26, 2023, and was concluded on October 31, 2023. On November 21, 2023, the trial court entered a judgment that, among other things, divorced the parties on the ground of incompatibility of temperament; awarded the parties joint legal custody of the children; awarded the husband sole physical custody of the

children, subject to certain specified visitation awarded to the wife; directed the wife to pay child support to the husband in the amount of $561 per month; and included a number of additional provisions related to the children. The judgment awarded certain items of personal property to the husband and directed that the wife was awarded all remaining items of personal property located in the marital residence; awarded the husband and the wife certain vehicles and directed that they be responsible for the payment, insurance, and upkeep as to the vehicles they were awarded; awarded the wife all bank accounts and retirement accounts in her individual name; awarded the husband all bank accounts in his name; directed the wife to conserve all bank accounts in the name of the children for the benefit of the children; and ordered the husband and the wife to be responsible for all credit-card debts, loans, and other debts in his or her individual name not otherwise specified in the judgment. Regarding the marital residence, the judgment provided:

> "That the wife shall receive sixty percent (60%) and the husband shall receive forty percent (40%) of the net equity of the marital residence. That the parties shall discuss between themselves how to divide the net equity in the marital residence. That should the parties be unable to agree how to divide the net equity, upon proper filed motion, the court will

3

> specifically retain jurisdiction to appoint a commissioner to
> sell the marital residence."

The trial court denied all remaining relief requested by either party, including alimony or attorney fees.

On December 19, 2023, the wife filed a motion to alter, amend, or vacate the November 21, 2023, judgment; the trial court entered an order denying that motion on January 23, 2024. The wife filed a notice of appeal to this court on January 29, 2024.

## Analysis

On appeal, the wife challenges the trial court's award of sole physical custody of the children to the husband. The husband has not filed a brief on appeal. Before this court may address the issues raised by the wife on appeal, we must determine whether we have jurisdiction to consider this appeal. This court has stated that

> "'[a]n appeal will not lie from a nonfinal judgment. Robinson
> v. Computer Servicenters, Inc., 360 So. 2d 299, 302 (Ala.
> 1978). "A ruling that disposes of fewer than all claims or
> relates to fewer than all parties in an action is generally not
> final as to any of the parties or any of the claims. See Rule
> 54(b), Ala. R. Civ. P." Wilson v. Wilson, 736 So. 2d 633, 634
> (Ala. Civ. App. 1999). The absence of a final judgment is a
> jurisdictional defect that cannot be waived by the parties.'"

4

McCullough v. Allstate Prop. & Cas. Ins. Co., 219 So. 3d 658, 659 (Ala. Civ. App. 2016) (quoting Baugus v. City of Florence, 968 So. 2d 529, 531 (Ala. 2007)).

On June 5, 2024, this court entered an order directing the parties to file letter briefs addressing whether the trial court had entered a final judgment from which the wife's appeal could lie. The wife filed a letter brief in response to this court's order, arguing that the trial court's November 21, 2023, judgment is a final judgment capable of supporting her appeal. She cites in support of her argument, among other cases, Boyd v. Boyd, 447 So. 2d 790 (Ala. Civ. App. 1994). In Boyd, this court considered an appeal from postdivorce proceedings concerning the sale of the parties' marital home. 447 So. 2d at 791. The 1979 judgment divorcing the parties in Boyd directed that the marital home could be used by the former wife until it was sold; that the former wife was not required to market the house for sale for 2 years; that, after the expiration of those 2 years, the former wife had 8 additional months within which to effect the sale of the marital home; that, if the former wife failed to list and sell the marital home within that 8-month period,

the former husband was then "free to negotiate a sale" of the marital home; and that the former wife would receive 60 percent of the net proceeds derived from the sale of the marital home and the former husband would receive the remaining 40 percent. Id. at 791-92. This court determined that the divorce judgment was final for purposes of the former husband's appeal, but we noted that the judgment "also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce its provisions regarding a sale of the marital residence." Id. at 793. Thus, we determined, "[t]he trial court, by operation of law, retained jurisdiction so that any future orders or judgments could be entered as might be prudent in order to enforce, implement, or finally dispose of the entire case by effecting a sale of the home of the parties." Id.

Unlike in Boyd, the trial court in the present case did not direct that the marital residence be sold. Rather, it merely retained jurisdiction to order the sale of the marital residence in the event that the parties could not agree on the manner in which to divide the equity in the marital residence. Section 30-2-51(b)(1), Ala. Code 1975, directs, in pertinent

6

part, that "[t]he marital estate is subject to equitable division and distribution." In McCarron v. McCarron, 168 So. 3d 68, 75 (Ala. Civ. App. 2014), this court stated that, "[a]fter determining the property within the marital estate, a trial court must ascertain the value of that property, equitably divide the property, and implement a fair method for distributing the property." The trial court's judgment in the present case fails to provide a method for the distribution of the parties' interests in the marital residence. In order to equitably divide and distribute marital property, a trial court may, among other things, direct that the parties sell the marital residence and split the proceeds pursuant to the percentages as awarded in the judgment, order that one of the parties maintain the marital residence and pay the other party the value of his or her equitable share, or order that one of the parties maintain the marital residence until a future condition is met or a certain amount of time passes to trigger a sale, at which time one party would pay to the other party the value of his or her equitable share, like in Boyd, supra. In the present case, however, the trial court declined to resolve the issue and, instead, directed the parties to design a method for the distribution

7

of their respective interests in the marital residence. In doing so, the trial court failed to comply with § 30-2-51(b)(2).

In Lovering v. Lovering, 384 So. 3d 660 (Ala. Civ. App. 2023), this court considered a judgment of divorce that stated, as to personal property that was not specifically enumerated elsewhere in the judgment: "'Representation that all personal property being divided and distributed. If not, that issue is reserved to this Court.'" 384 So. 3d at 661-62. This court determined, based on that statement, that the divorce judgment in that case did not make a final award as to the parties' personal property. Id. Accordingly, the appeal was dismissed as having been taken from a nonfinal judgment. Id. Like in Lovering, the trial court's November 21, 2023, judgment in the present case does not make a final award as to the marital residence. It fails to ascertain the rights and duties of the parties with regard to the marital residence in a manner that allows for enforcement of the judgment, like in Boyd, supra. Because the trial court's judgment failed to make a proper distribution of the marital assets, resulting in the trial court's retaining jurisdiction to make such a distribution, we conclude that the judgment is nonfinal. Because

a nonfinal judgment will not support an appeal, we dismiss this appeal.

See <u>Osburn v. Osburn</u>, 238 So. 3d 60, 61-62 (Ala. Civ. App. 2017).

APPEAL DISMISSED.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.